**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Esau JUAREZ–ORTEGA,**
**Defendant–Appellant.**

No. 88–2547

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1989.

Ron Barroso, Corpus Christi, Tex., for defendant-appellant.

Paula Offenhauser, Henry K. Oncken, U.S. Atty., Robert A. Berg, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

The defendant, convicted of two counts of distribution of cocaine, challenges the district court's consideration during sentencing of his possession of a handgun, on the grounds that the jury acquitted him of a substantive count of carrying a firearm during a drug trafficking offense. Finding that the district court could properly consider all the evidence during sentencing, we affirm.

I

On January 22, 1988, two undercover detectives purchased six one-hundredths of a gram of cocaine for $20 from Esau Juarez–Ortega, the defendant, at his apartment in Corpus Christi, Texas. Three days later the detectives returned to Juarez–Ortega's apartment where, when asked for more cocaine, Juarez–Ortega told codefendant Rogelio DeLuna to get the substance. DeLuna then produced a small package containing one-tenth gram of cocaine and sold it to the officers for $20. During the transaction, one of the officers observed what appeared to be a small-frame handgun in Juarez–Ortega's waistband.

Later that afternoon, the officers returned and found only DeLuna at the apartment. DeLuna produced a plastic bag of cocaine from under his sweater. After the officers saw a handgun in DeLuna's waistband, he was arrested. A struggle ensued as DeLuna reached for the gun. When Juarez–Ortega returned to the apartment, approximately five minutes later, the officers arrested him. Juarez–Ortega was not carrying a gun at that time.

After being advised of his constitutional rights, Juarez–Ortega stated that he was illegally residing in the United States and that he had been selling marijuana and cocaine from that apartment. Juarez–Ortega admitted that he had possessed and carried the gun found with DeLuna, a Charter Arms .38 caliber revolver, which had been given to him by his "supplier" for

his own protection. DeLuna stated that Juarez–Ortega had transferred possession of the revolver to him "to keep for protection" while he was conducting drug sales outside Juarez–Ortega's presence.

Juarez–Ortega was indicted on three counts, two counts of distributing cocaine (violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2, Counts 1 and 2), and one count of carrying a firearm during and in relation to a drug trafficking offense (a violation of 18 U.S.C. § 924(c)(1), Count 3). After a jury trial, he was convicted of Counts 1 and 2 and acquitted of Count 3. Juarez–Ortega was sentenced to seventy-six months on each of the two counts, to run concurrently, followed by a term of five years supervised release. If Juarez–Ortega is deported the release is to be unsupervised; if he is not deported, the court imposed 200 hours of community service on each count.

Juarez–Ortega's codefendant DeLuna was convicted of the two distribution counts *and* the firearms count (§ 924(c)(1)). He was also sentenced to concurrent sentences of seventy-six months.

## II

Juarez–Ortega's sentence on each of the two counts, although exceeding the guidelines and the recommendation of the pre-sentence report, was within the statutorily permissible limits. This court will generally not review the severity of a sentence imposed within statutory limits, "and the trial court's broad discretion in determining the appropriateness of a sentence will not be disturbed absent a finding of arbitrary or capricious action resulting in a gross abuse of discretion." *United States v. Adi,* 759 F.2d 404, 411 (5th Cir.1985). Furthermore, the court may properly consider past crimes, including those for which a defendant has been indicted but not convicted, as well as the factual basis of dismissed counts. *See United States v. Johnson,* 823 F.2d 840, 842 (5th Cir.1987). Prior convictions overturned on appeal may be considered. *See United States v. Butler,* 680 F.2d 1055, 1056 (5th Cir.1982).

In the instant case, Juarez–Ortega is challenging the use by the sentencing judge of the facts surrounding his possession of a firearm even though he was acquitted of that offense. Those facts are not disputed as false or unreliable; rather, the appellant is arguing that the judge used those facts to impose on Juarez–Ortega the same sentence imposed on his codefendant.

The following colloquy occurred between the sentencing judge and defense counsel regarding the basis for Juarez–Ortega's sentence.

THE COURT: The jury could not have made—the jury could not have listened to the instructions.

MR. BARROSO: Your Honor,—

THE COURT: The testimony was so strong. The gun was even in the apartment. That's all they needed. There was no dispute of that fact. The mere fact that that gun was in the apartment, being used in association with—he didn't have to have it on his person.

MR. BARROSO: They perhaps didn't believe it was being used in association with drug-related activity, your Honor.

THE COURT: Well, I'll tell you something: I have been disappointed in jury verdicts before, but that's one of the most important ones, because what it did, it set up a disparity in result between the two defendants. Your client was consistently selling cocaine from his apartment and using a firearm. The fact is that the officers came in and testified that it was in your client's waistband and described, had an officer on the stand, a man who is an ATF agent, who is capable and knows what a firearm looks like, telling them, "This is what I saw."

There is no reason for him not to have seen that, since it's undisputed that the firearm was in the apartment and it's undisputed that the firearm was used in connection with drug sales and used [for] the purpose of protecting drug sales. And then here in number twelve, there is no doubt at all that the firearm was brought for him. It's all a pattern. This

firearm was used. They had to absolutely disregard the testimony of a government agent for no reason—no reason.

MR. BARROSO: Perhaps they considered the testimony of the other agent who testified that he couldn't be sure, your Honor.

THE COURT: Well, you can take it up with an appellate court, because I've made my findings on the record.

Do you have anything further you'd like to say?

MR. BARROSO: No, your Honor, other than we would hope the court would follow the guidelines as set forth in the pre-sentence investigation, that being the guidelines of from twelve to eighteen months of determining the sentence of Mr. Ortega.

THE COURT: All right. The court is going to disregard the guidelines in this case.

Juarez–Ortega argues that the sentencing action of the trial judge "in effect overrode the jury's determination of a fact issue with regard to the question of the firearm." This argument is without merit. Although the jury may have determined that the government had not proved all of the elements of the weapons offense beyond a reasonable doubt, such a determination does not necessarily preclude consideration of underlying facts of the offense at sentencing so long as those facts meet the reliability standard. The sentencing court was not relying on facts disclosed at trial to punish the defendant for the extraneous offense, but to justify the heavier penalties for the offenses for which he was convicted. *See, e.g., United States v. Bowdach,* 561 F.2d 1160, 1175 (5th Cir.1977).

The other aspect of Juarez–Ortega's argument, that receiving the same overall sentence as his codefendant after being convicted of fewer offenses was *per se* an abuse of discretion, is also without merit. It is within the sentencing court's discretion to treat codefendants differently. *See, e.g., United States v. Wheeler,* 802 F.2d 778, 783 (5th Cir.1986). A defendant con-

victed of fewer substantive counts may receive a heavier sentence if justified. *See, e.g., United States v. Beecroft,* 608 F.2d 753, 761–62 (9th Cir.1979). A defendant cannot rely on his co-defendant's sentence as a yardstick for his own. *United States v. Castillo–Roman,* 774 F.2d 1280, 1284 (5th Cir.1985).

### III

Because the district court did not abuse its discretion in considering evidence of Juarez–Ortega's possession of a handgun despite Juarez–Ortega's acquittal of the substantive firearm offense, the sentence imposed by the district court is

AFFIRMED.