See also 715 F.Supp. 1508.

**UNITED STATES of America**

v.

**Robert M. AVERI.**

**Crim. No. 88–208–N.**

United States District Court, M.D. Alabama, N.D.

Oct. 16, 1989.

James Wilson, U.S. Atty., and Patricia Conover, Asst. U.S. Atty., for U.S.

Ira DeMent, Montgomery, Ala., for Robert M. Averi.

Robert M. Averi, Montgomery, Ala., pro se.

## ORDER

MYRON H. THOMPSON, District Judge.

This cause is now before the court on the motion of defendant Robert M. Averi to reconsider his sentence. Averi argues that, in imposing sentence, the court should not have considered evidence admitted at trial on counts for which the defendant was acquitted. For the reasons stated below, this motion must be denied.

### I.

Defendant Averi, a licensed podiatrist, was indicted on four counts of distributing Halcion, a controlled substance, to a person under the age of 21 for a purpose other than a legitimate medical use, 21 U.S.C.A. §§ 841(a)(1), 845, and one count of failing to keep records of the distribution of controlled substances, 21 U.S.C.A. §§ 842(a)(5), 842(c)(2)(A). At trial he was found guilty of failure to keep records and acquitted on the four distribution counts.

Under the Federal Sentencing Guidelines, the court determined that Averi's offense was level four and he was in criminal history category one. As a result, his sentencing guideline range was 0–4 months,[1] and he was eligible for a sentence of probation.[2] The court sentenced Averi to four months in prison, the maximum sentence in the guideline range, after finding that his offense was especially serious because a preponderance of the evidence showed that he had distributed some of the controlled substances for non-legitimate purposes. In reaching this conclusion, the court considered evidence that was introduced at trial on the counts of the indictment for which Averi was acquitted.

### II.

Averi maintains that the court should not have considered the evidence introduced at trial on the distribution counts because "the acquittal totally absolved the defendant of any guilt in these matters."[3] Averi appears to rest several contentions on this statement, the first of which is that the evidence does not meet the "reliability" standard required by the Sentencing Guidelines. The Guidelines provide that "In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information ... provided that the information has sufficient indicia of reliability to support its probable accuracy."[4]

Relying on a recent decision from the Fifth Circuit, *United States v. Juarez–Ortega*, 866 F.2d 747 (5th Cir.1989) (per curiam), Averi contends that a sentencing judge may consider evidence of a charge on which the defendant was acquitted only when the underlying facts "were not disputed as false or unreliable."[5] *Juarez–Ortega* holds, according to Averi, that if the defendant disputes the truth or the reliability of the underlying facts then the sentencing court may not rely on those facts; or in other words, as Averi would have it, the defendant may preclude the sentencing court from considering such

---

1. Sentencing Guidelines, Ch. 5 Pt. A (1987).

2. Sentencing Guidelines, § 5B1.1(a)(1) (1987).

3. Defendant's motion of September 21, 1989.

4. Sentencing Guidelines, § 6A1.3 (1987).

5. Defendant's motion of September 21, 1989.

facts by merely challenging their reliability or believability.

Averi misreads *Juarez–Ortega*. In that case, the defendant was convicted of two counts of distributing cocaine and was acquitted of one count of carrying a firearm during and in relation to a drug trafficking offense. On appeal, the defendant challenged the trial judge's use of the facts surrounding his possession of a firearm in setting his sentence for the drug distribution offenses. The defendant argued that the trial judge overrode the jury's determination that the firearm had no connection with the defendant's drug activity. The Fifth Circuit rejected the defendant's challenge. The appellate court stated:

> Although the jury may have determined that the government had not proved all the elements of the weapons offense beyond a reasonable doubt, such a determination does not necessarily preclude consideration of underlying facts of the offense at sentencing so long as those facts meet the reliability standard.

866 F.2d at 749. In other words, a sentencing judge may rely on the underlying facts of the offense for which a defendant has been acquitted so long as those facts, in the words of the Sentencing Guidelines, have "sufficient indicia of reliability to support [their] probable accuracy."

In *Juarez–Ortega*, the court found that the defendant's failure to dispute the reliability of the facts concerning his possession of a firearm was sufficient, by itself, to meet that standard, and that no further inquiry into reliability was required by the court. 866 F.2d at 748. *Juarez–Ortega* does not, however, stand for the proposition that if the facts are in any manner disputed they are also perforce unreliable, and thus may not be relied upon by the court. Disputed as well as undisputed facts may be reliable. In the instant case, the underlying facts on the counts for which Averi was acquitted were admittedly disputed by Averi; these facts nonetheless met the reliability standard and were therefore properly relied upon by the court in sentencing Averi. *See also United States v. Mocciola*, 891 F.2d 13, 16–17 (1st Cir.1989).

■ Averi's motion also seems to suggest that collateral estoppel bars the government from using any evidence of distribution against him at sentencing. "A not guilty verdict is fairly to be characterized only as a determination that the government has failed to prove *beyond a reasonable doubt* one or more" of the essential elements of the offense charged. *United States v. Hogue*, 812 F.2d 1568, 1578 (11th Cir.1987) (emphasis added). The jury verdict finding Averi not guilty of distributing a controlled substance to minors without a legitimate medical purpose does not preclude a finding, by a *preponderance of the evidence*, that he did distribute Halcion for purposes that were not legitimate.

The Supreme Court indicated as much in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), when it held that the government was not barred from bringing a civil action for the forfeiture of firearms where the defendant was acquitted on the criminal charge of dealing in firearms without a license. The Court stated that "the difference in the relative burdens of proof ... precludes the application of the doctrine of collateral estoppel" in the context of civil penalties arising from the same conduct for which the defendant has been acquitted. *Id.* at 362, 104 S.Ct. at 1104. The logic of this holding would appear to be equally applicable to a sentencing hearing where the facts are found by a preponderance of the evidence.[6]

■ Finally, this court was not barred from consideration of the evidence introduced on the distribution counts by the fifth amendment prohibition against double

---

**6.** Although the Eleventh Circuit Court of Appeals has not directly addressed the burden of proof at sentencing, two other circuits have held that a preponderance of the evidence standard should be applied at sentencing. *See United States v. Urrego–Linares*, 879 F.2d 1234, 1238 (4th Cir.1989) (citing cases); *United States v. Wright*, 873 F.2d 437 (1st Cir.1989); *cf. United States v. Ehret*, 885 F.2d 441, 444 (8th Cir.1989) (affirming district court's use of facts found by clear and convincing evidence, but declining to adopt a standard).

jeopardy. The double jeopardy clause "prohibits ... attempting a second time to punish criminally, for the same offense." *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938).[7] However, the former Fifth Circuit has indicated that enhancing a sentence on the basis of a prior conviction, or on the basis of facts disclosed during a trial that ended in acquittal, does not constitute double jeopardy. *United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir.1977).[8] In *Bowdach*, the court stated that sentencing on the basis of such information does not constitute punishing the defendant a second time, because "the repetition of criminal conduct aggravates his guilt and justifies heavier penalties" for the offense of conviction. *Id.*[9]

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that defendant Averi's motion to reconsider sentencing, filed September 21, 1989, is denied.

---

7. The Supreme Court reaffirmed this holding in *United States v. Halper*, — U.S. ——, 109 S.Ct. 1892, 1898, 104 L.Ed.2d 487 (1989) (government imposition of civil penalty under False Claims Act that was so excessive as to have only punitive or deterrent purposes violates double jeopardy clause where defendant was criminally convicted of same offense).

8. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals held that all cases decided by the Fifth Circuit on or before September 30, 1981, constitute binding precedent for the Eleventh Circuit.

9. A logical extension of Averi's argument would be that, if a sentencing court considered evidence of criminal activity for which the defendant had not yet been convicted and the defendant was later acquitted of that offense, the defendant's original sentence would have to be corrected not to reflect the enhancement for that conduct. Indeed, it would follow that, once sentenced on the basis of such information, the defendant could not be indicted for the allegedly criminal conduct. The Tenth Circuit has recently rejected such an argument. The court held that prosecution in Utah federal court would not constitute double jeopardy although the facts underlying the charged offense had previously been used to enhance the defendant's sentence for a conviction in South Dakota federal court. *United States v. Koonce*, 885 F.2d 720 (10th Cir.1989). The defendant was not prosecuted, according to the *Koonce* court, for the Utah offense during the prior sentencing hearing; rather, he was "only 'in jeopardy' of receiving a harsher sentence for the South Dakota offense than he otherwise would have received."

This court is aware that in a footnote in *United States v. Scroggins*, 880 F.2d 1204, 1211 n. 18 (11th Cir.1989), the Eleventh Circuit stated that "a verdict of not guilty on count one would have prevented the district court from considering the conduct alleged in that count in fashioning appellant's sentence on count two." This statement was, however, mere dicta. The appellate court did not have squarely before it the issue now before this court; and the court issued the statement in a conclusory manner and without addressing contrary language in *Bowdach*.