UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert M. AVERI,
Defendant–Appellant.

No. 89–7718.

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1991.

Ira DeMent, Roianne Houlton Frith, Montgomery, Ala., for defendant-appellant.

Patricia Conover, D. Broward Segrest, Asst. U.S. Attys., James Eldon Wilson, U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

In this appeal, Dr. Robert Averi challenges on several grounds his conviction and sentence for failing to maintain adequate inventory records of controlled substances. The whole appeal is without merit.[1] We write, however, only about the issue raised by Dr. Averi's attack on his sentence: whether a district court, in sentencing a defendant under the Sentencing Guidelines, may consider evidence of the defendant's conduct relating to counts on which the defendant was indicted but acquitted at trial? We answer this question "yes" and, therefore, affirm.[2] *Accord United States v. Rodriguez–Gonzalez*, 899 F.2d 177 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990); *United States v. Dawn*, 897 F.2d 1444 (8th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 389, 112 L.Ed.2d 400 (1990); *United States v. Mocciola*, 891 F.2d 13 (1st Cir.1989); *United States v. Isom*, 886 F.2d 736 (4th

---

1. In addition to attacking his sentence as discussed in the text, Dr. Averi also challenges: (1) the sufficiency of the evidence that he "knowingly" failed to comply with statutory recordkeeping requirements; (2) the trial court's denial of his motion for relief from prejudicial joinder; and (3) the trial court's denial of his motion for new trial based on newly discovered evidence. The evidence was sufficient, and no error of law has been shown on the motions.

2. Dr. Averi was indicted but acquitted on four counts of distributing a controlled substance to

a minor for a non-medical purpose. The judge imposing sentence for the record-keeping offense imposed the maximum sentence in the guideline range because he concluded that "a preponderance of the evidence showed" that Dr. Averi had distributed some of the controlled substances for non-legitimate purposes. In reaching this conclusion, the district court considered evidence introduced at trial relating to counts of the indictment on which Averi was acquitted.

Cir.1989); *United States v. Juarez–Ortega,* 866 F.2d 747 (5th Cir.1989).

 Acquitted conduct may be considered by a sentencing court because a verdict of acquittal demonstrates a lack of proof sufficient to meet a beyond-a-reasonable-doubt standard—a standard of proof higher than that required for consideration of relevant conduct at sentencing. *See, e.g., Mocciola,* 891 F.2d at 16; *Isom,* 886 F.2d at 738 & n. 3; *Juarez–Ortega,* 866 F.2d at 749; *see also Dowling v. United States,* —— U.S. ——, 110 S.Ct. 668, 672–73, 107 L.Ed.2d 708 (1990) (acquittal in criminal case does not preclude government from relitigating issue when it is presented in subsequent action governed by lower standard of proof).

This court has already held in the context of a pre-guidelines sentencing that "an acquittal does not bar a sentencing court from considering the acquitted conduct in imposing sentence." *United States v. Funt,* 896 F.2d 1288, 1300 (11th Cir.1990). We have also rejected the argument that the guidelines require a new, more stringent standard of proof; the preponderance of the evidence standard necessary to establish relevant conduct before that conduct could be considered in sentencing under pre-guidelines law remains the standard of proof required under the guidelines. *United States v. Castellanos,* 904 F.2d 1490, 1494–95 (11th Cir.1990). Thus, because the standard of proof for consideration of relevant conduct remains the same for sentencing under the guidelines as it was under pre-guidelines law (and therefore remains lower than the beyond-a-reasonable-doubt standard on which defendant's acquittal is based), the holding of *Funt*—that facts relating to acquitted conduct may be considered in imposing sentence—also remains the rule.

AFFIRMED.