974 F.2d 1333
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sergo Michael SAGAILLE, Defendant-Appellant.
 No. 91-5714.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 7, 1992
Decided: August 28, 1992
 
 Argued: Danny Thomas Ferguson, Winston-Salem, North Carolina, for Appellant.
 Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 On Brief: Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, Sergot Michael Sagaille ("Sagaille"), brought the instant appeal challenging his conviction of possession with intent to distribute cocaine base, cocaine hydrochloride, and marijuana and challenging the enhancements of his sentence for possession of a weapon during the commission of the offense and for obstruction of justice. In addition to the objections as to the sentencing enhancements, Sagaille has argued that the district court erred by allowing testimony that he had been involved in a drug transaction ten months earlier and by denying his motion for judgment of acquittal based upon the claimed insufficiency of evidence to sustain the conviction.
 
 
 2
 Sagaille was indicted on June 24, 1991 and charged with (1) unlawful possession with intent to distribute 11.3 grams of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B); (2) unlawful possession with intent to distribute 63.34 grams of cocaine hydrochloride, in violation of 21 U.S.C.ss 812, 841(a)(1) and 841(b)(1)(C); (3) unlawful possession with intent to distribute 596.39 grams of marijuana, in violation of 21 U.S.C.ss 812, 841(a)(1) and 841(b)(1)(C); and (4) carrying or using a firearm during and in relation to a drug trafficking offense, in violation of 21 U.S.C. § 841(a)(1). Following a jury trial, Sagaille was convicted on all drug counts and acquitted on the firearm count. Sagaille was sentence on November 26, 1991 to 109 months imprisonment. The instant appeal followed.
 
 I.
 
 3
 On November 14, 1990, narcotics officers in Winston-Salem, North Carolina obtained a search warrant to search a home on Kapp Street in Winston-Salem. In attempting to execute the warrant, the officers found a padlocked door and set up surveillance awaiting the execution of the warrant. During such surveillance, Sagaille and a female companion arrived at the house in question and Sagaille used a key in his possession to unlock the padlocked door. A few seconds later, officers executed the search warrant and entered the residence over Sagaille's objections. Drug paraphernalia, including aluminum foil, ziplock baggies, razor blades and glassine packets were found in the kitchen cabinet along with some nine millimeter ammunition. Additional paraphernalia was found in the bedroom. The officers also located 11.31 grams of crack, 63.4 grams of cocaine hydrochloride and 596.39 grams of marijuana concealed in a hall closet ceiling and in the attic, along with a .45 caliber pistol. A search of Sagaille revealed the key to the Kapp street residence and a small amount of marijuana.
 
 
 4
 Sagaille was charged with possession with intent to distribute the drugs found inside the residence and with possession of a firearm in conjunction with drug offenses. It is undisputed that Sagaille did not own the residence, nor did he live in the residence. However, in proving that Sagaille had constructive possession of the drugs inside the residence, the Government was permitted to introduce into evidence (over Sagaille's objection) evidence that Sagaille had been found some ten months earlier in the attic of a residence containing a large amount of drugs and paraphernalia concealed in the ceiling in a manner similar to that utilized in the Kapp Street residence when officers executed a search warrant following an undercover buy.
 
 
 5
 The jury found Sagaille guilty of possession with intent to distribute the various drugs but acquitted him of the firearm offense. At sentencing, however, the district court enhanced Sagaille's base offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(1), finding by a preponderance of the evidence that a dangerous weapon was used during the commission of a drug offense. The district court also increased Sagaille's base offense level by two levels for obstruction of justice pursuant to U.S.S.G. § 3C1.1, finding that Sagaille's provision of a false name to officers and his continued operation under such alias from his initial appearance through trial amounted to an obstruction of justice. Accordingly, the district court sentenced Sagaille to 109 months imprisonment.* Sagaille brought the instant appeal, arguing (1) that the district court erred in admitting the evidence of his involvement in a prior drug transaction; (2) that the district court erred in denying his motion for judgment of acquittal based upon the insufficiency of the evidence; (3) that the district court erred in increasing his base offense level by two levels for the use of a dangerous weapon; and (4) that the district court erred in increasing his base offense level by two levels for obstruction of justice. Because we find no reversible error, we affirm Sagaille's conviction and sentence.
 
 
 6
 II.Admissibility of Evidence of Sagaille's Involvement in Prior Drug Transaction
 
 
 7
 First, Sagaille has argued that the district court erred in permitting Officer C.L. Patrick to testify that Sagaille was involved in a drug transaction some ten months prior to his arrest in the instant case. In the prior transaction, Sagaille was found in a house approximately 2 1/2 miles from the Kapp Street location in an attic in which various items of drug paraphernalia and drugs were concealed in the ceiling in a location and manner similar to the method employed to conceal drugs in the Kapp Street residence. The Government has contended that the evidence is admissible to show that Sagaille had the relevant state of mind and knowledge necessary to prove intent to distribute and constructive possession of the drugs at the Kapp Street residence.
 
 
 8
 Rule 404(b) of the Federal Rules of Evidence permits the introduction into evidence of other relevant crimes, except those crimes which tend only to prove a general disposition to commit crime. Rule 404(b) provides that such evidence is admissible for "purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). We have held that such evidence is admissible when it is relevant to an issue other than character, and is necessary and reliable. See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991). Furthermore, the admission of such evidence lies within the discretion of the trial court. Id.
 
 
 9
 In the instant case, Sagaille was charged with three counts of possession of drugs with the intent to distribute them. Because Sagaille did not own the residence on Kapp Street and because he did not reside there, the Government proceeded on a theory of constructive possession of the drugs. Therefore, the Government was required to show not only that Sagaille had the knowledge required to prove constructive possession, but also that Sagaille possessed the intent to distribute the drugs.
 
 
 10
 The district court determined that the evidence of Sagaille's involvement in the prior drug transaction was relevant and probative to the issue of Sagaille's state of mind, willfulness, and knowledge. Furthermore, the district court expressly limited the jury's ability to consider the evidence, carefully instructed the jury as to the purposes for which the evidence was admitted and informed the jury that the evidence was not to be considered for the purpose of showing that Sagaille was "a bad person and therefore likely to have committed the crimes with which he is charged...."
 
 
 11
 We review the district court's decision to permit evidence under Rule 404(b) for abuse of discretion. United States v. Fells, 920 F.2d 1179, 1181 (4th Cir. 1990), cert. denied, 111 S. Ct. 2831 (1991). Under the circumstances of the instant case and in light of the limiting instructions, we conclude that the district court did not abuse its discretion in permitting the jury to hear evidence about Sagaille's prior drug transaction.
 
 III.Sufficiency of the Evidence
 
 12
 Sagaille also has contended that the district court erred in denying his motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure because the evidence was insufficient to support his conviction. We view the sufficiency of the evidence to support a conviction in the light most favorable to the Government. See Glasser v. United States, 315 U.S. 60 (1942).
 
 
 13
 In the instant case, officers observed Sagaille enter the Kapp Street residence, which was secured by a padlock, by utilizing a key that he was carrying on his person. The same key was seized from Sagaille when he was arrested moments later inside the residence. Furthermore, Sagaille attempted to prevent the officers from entering the residence, even though they had announced their identity and that they had a warrant. Sagaille also was holding a small amount of marijuana in his hand. Furthermore, when questioned by police he apparently provided a false name. The foregoing, combined with the evidence of knowledge and intent which was afforded by the testimony of Sagaille's involvement in the prior drug transaction, although slight, when viewed in the light most favorable to the Government, amounts to sufficient evidence to permit a rational jury to return a guilty verdict against Sagaille as to the drug offenses. See Glasser, 315 U.S. at 62.
 
 
 14
 IV.Enhancement of Base Offense Level for Use of Dangerous Weapon
 
 
 15
 Next, Sagaille has objected to the district court's two level increase of his base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for the specific offense characteristic of using a dangerous weapon in a drug offense. Primarily, Sagaille has argued that, because he was acquitted of the firearm charge, the district court could not (or should not) determine that a dangerous weapon was used during the drug crimes.
 
 
 16
 Sagaille's argument is without merit. It is clear that a district court may sentence a defendant for an offense for which he has been acquitted, if the district court determines that the offense occurred by a preponderance of the evidence. See, e.g., Mistretta v. United States, 488 U.S. 361, 376 n.1 (1989); United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990). Several Circuits have expressly held that a defendant's base offense level may be increased under U.S.S.G. § 2D1.1 despite the fact that he has been acquitted of the firearm offense. See United States v. Coleman, 947 F.2d 1424, 1428-29 (10th Cir. 1991), cert. denied, 112 S. Ct. 1590 (1992); United States v. Welch, 945 F.2d 1378, 1384 (7th Cir. 1991), cert. denied, 112 S. Ct. 1235 (1992); United States v. Juarez-Ortega, 866 F.2d 747 (5th Cir. 1989). Although it may seem unfair to a criminal defendant that he can be acquitted of a firearm charge and still have his sentence enhanced for the same firearm, the Guidelines permit such a result. The important distinction is in the burden of proof. At trial, a conviction of a firearm offense must be found beyond a reasonable doubt, while at sentencing, a preponderance of the evidence suffices. Powell, 886 F.2d at 85. Therefore, the task remaining for us is to determine whether the district court was clearly erroneous in determining, by a preponderance of the evidence, that Sagaille used a firearm in connection with his drug offense.
 
 
 17
 In the instant case, the evidence indicates that a gun was found on top of the drugs located in the residence and that ammunition for another gun was located with the drug paraphernalia in the kitchen. Although the evidence is slight, we cannot say that the district court was clearly erroneous in determining, by a preponderance, that the gun was being used by Sagaille in connection with the drug offenses in the instant case. Accordingly, we affirm the district court's two level increase pursuant to U.S.S.G. § 2D1.1.
 
 V.Obstruction of Justice
 
 18
 Finally, Sagaille has maintained that the district court erred in increasing his base offense level by two levels for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. The district court adopted the recommendation of the Presentence Report with respect to obstruction of justice. The Presentence Report recommended an upward adjustment for obstruction of justice because Sagaille was indicted and convicted under a fictitious name and he provided officers with a fictitious date of birth and other false background information.
 
 
 19
 Section 3C1.1 directs the court to increase the base offense level by two levels "if the defendant willfully obstructed or impeded or attempted to obstruct or impede the administration of justice during the investigation, prosecution or sentencing of the instant offense." U.S.S.G. § 3C1.1. In the instant case, the district court, in imposing the two level increase, implicitly determined that the falsities put forth by Sagaille were material. Therefore, under the facts of the instant case, the district court could properly award an increase for obstruction of justice. See United States v. Saintil, 910 F.2d 1231, 1232-33 (4th Cir. 1990).
 
 
 20
 In summary, we affirm the conviction and sentence of Sagaille in whole.
 
 AFFIRMED
 
 
 *
 Sagaille was determined to have a total offense level of 30 and a criminal history category of I, which provides a sentencing range of 91 to 121 months