**UNITED STATES of America, Appellee,**

v.

**Nelson FRIAS, Defendant–Appellant.**

**No. 181, Docket 94–1052.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 14, 1994.

Decided: Oct. 31, 1994.

---

anticipated by the Sentencing Commission, we remanded to the district court to permit that court to decide whether or not to exercise its discretion to depart downward from the prescribed Guidelines imprisonment range. *See id.* at 389.

On remand, the district court exercised its discretion and departed downward from the prescribed range of 210–262 months, sentencing Frias to a total of 144 months' imprisonment. We see no basis for Frias's present contention that the district court failed to follow the directions this Court gave in *Concepcion.* We reject Frias's renewed contention that the Double Jeopardy Clause barred consideration of his acquitted conduct in the calculation of his sentence for the reasons we stated in *Concepcion,* 983 F.2d at 391. And we reject Frias's reliance on *United States v. McCormick,* 992 F.2d 437 (2d Cir.1993), for the proposition that *Concepcion* has been overruled, because in *McCormick,* unlike the present case, the conduct in question had already been used to calculate that defendant's sentence in a prior prosecution.

We have considered all of Frias's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.

Edward A. Rial, Asst. U.S. Attorney, Brooklyn, NY (Zachary W. Carter, U.S. Atty., E.D.N.Y. and Peter A. Norling, Asst. U.S. Atty., on the brief), for appellee.

John M. Apicella, Brooklyn, NY, for defendant-appellant.

Before: OAKES, KEARSE, and ALTIMARI, Circuit Judges.

PER CURIAM.

This case returns to us on the appeal of defendant Nelson Frias from a final judgment of the United States District Court for the Eastern District of New York, Arthur D. Spatt, *Judge,* sentencing him principally, following our limited remand in *United States v. Concepcion,* 983 F.2d 369 (2d Cir.1992) ("*Concepcion*"), *cert. denied,* —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993), to a total of 144 months' imprisonment. In *Concepcion,* we rejected Frias's contentions that both the federal Sentencing Guidelines ("Guidelines") and the Double Jeopardy Clause barred consideration of his acquitted conduct in the calculation of his sentence under the Guidelines. *See* 983 F.2d at 391. However, in light of the very substantial increase in penalty prescribed by the Guidelines as a result of consideration of that conduct, which we concluded was a factor the extent of which had not been adequately

OAKES, Senior Circuit Judge, concurs, in a separate opinion.

OAKES, Senior Circuit Judge, concurring:

When this case was previously before this court, *United States v. Concepcion,* 983 F.2d 369 (2d Cir.1992), I had already taken senior status. Consequently, I was unable, not having been a member of the panel, to vote in the poll of judges on the issue whether to rehear the case *en banc.* I register here my very strong agreement with the opinion of now Chief Judge Newman dissenting from the denial of rehearing *en banc,* 983 F.2d at 395. I note that, not unpredictably, the Supreme Court denied Frias's petition for a writ of certiorari, *Frias v. United States,* —— U.S. ——, 114 S.Ct. 163, 126 L.Ed.2d 124 (1993), especially in light of the fact that the Solicitor General argued, among other things, that the matter was not ripe for

review because Frias had won a *vacatur* of his sentence on the original appeal, 983 F.2d at 390. Now that Frias has been resentenced and that resentence has been upheld, as it must be by virtue of the reasoning in *Concepcion* and our basic rule that one panel cannot overturn a previous decision by another panel, the case is eminently ripe for Supreme Court review.

The issues involved are Sentencing Guidelines issues, as set forth by Judge Newman in his original concurring opinion, 983 F.2d at 393–95, and in his opinion dissenting from the denial of rehearing *en banc,* 983 F.2d at 395–96, as well as Double Jeopardy issues. The latter issue was handled in the majority opinion by the court's explanation:

> In considering the acquitted conduct as a basis for enhancing [the defendant's] sentence, the district court "was not relying on facts disclosed at trial to punish the defendant for the extraneous offense, but to justify the heavier penalties for the offenses for which he was convicted."

983 F.2d at 391 (quoting *United States v. Rodriguez–Gonzalez,* 899 F.2d 177, 182 (2d Cir.), *cert. denied,* 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990) (quoting *United States v. Juarez–Ortega,* 866 F.2d 747, 749 (5th Cir.1989) (*per curiam* ))).

The majority opinion in *Concepcion,* while permitting the district court to consider acquitted conduct in calculating the base offense level, leavened the decision by directing the district court on remand to consider whether a downward departure was warranted because the Guideline range for the crimes of conviction was between 12 and 18 months, while the Guideline calculation based upon the acquitted conduct yielded a sentence of 20 years. 983 F.2d at 386. Such a

result was, as Judge Newman explicated, "bizarre." 983 F.2d at 393.

It is no less bizarre after the remand. It is especially bizarre because Frias was not only acquitted of participation in a conspiracy to distribute narcotics but also acquitted of possession of a weapon during and in relation to the participation in that conspiracy. Yet, in the sentencing of him on his convictions for possession of an unregistered firearm and possession of an unregistered firearm by a convicted felon, the probation report concluded that he used the firearm to commit conspiracy to distribute narcotics.

At the hearing on resentencing on January 14, 1994, it was duly noted that if imposed consecutively the maximum Guideline sentence for the crimes of conviction would be 36 months and that Frias had already been incarcerated for over 60 months. The district court, thinking that Frias was "guilty by clear and convincing evidence by being a major cog, an integral part of one of the most vicious, pervasive organizations that I have ever heard of," Sentence Tr. 25–26, ultimately imposed two consecutive sentences of 72 months, for a total of 144 months or 12 years. This is the sentence now upheld. Thus, we hold that a person's sentence for crimes of which he has been convicted may be multiplied fourfold by taking into account conduct of which he has been acquitted. This is jurisprudence reminiscent of *Alice in Wonderland.* As the Queen of Hearts might say, "Acquittal first, sentence afterwards."

I note that *United States v. Brady,* 928 F.2d 844, 850–52 (9th Cir.1991), holding that "we would pervert our system of justice if we allowed a defendant to suffer punishment for a criminal charge for which he or she was acquitted," *id.* at 851, has not been overturned in that circuit though it has been criticized elsewhere.[1] Nevertheless, there is

---

1. The holding in *Brady,* which applied to upward departures, was recently applied by the Ninth Circuit to sentence enhancements as well. *United States v. Pinkney,* 15 F.3d 825, 829 (9th Cir. 1994). The rationale of *Brady* has, however, been rejected by every other circuit. *See United States v. Milton,* 27 F.3d 203, 208–09 (6th Cir. 1994); *United States v. Foster,* 19 F.3d 1452, 1455 (D.C.Cir.1994); *United States v. Hunter,* 19 F.3d 895, 897 (4th Cir.1994); *United States v. Masters,* 978 F.2d 281, 285, 286 (7th Cir.1992),

*cert. denied,* —— U.S. ——, 113 S.Ct. 2333, 124 L.Ed.2d 245 (1993); *United States v. Galloway,* 976 F.2d 414, 424 n. 6 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993); *United States v. Coleman,* 947 F.2d 1424, 1428–29 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1590, 118 L.Ed.2d 307 (1992); *United States v. Manor,* 936 F.2d 1238, 1242–43 (11th Cir.1991); *United States v. Mocciola,* 891 F.2d 13, 16–17 (1st Cir.1989); *United States v. Juarez–Ortega,* 866 F.2d 747, 749 (5th Cir.1989); *United States v. Ryan,* 866 F.2d 604,

here a conflict among the circuits which would seem worthy of Supreme Court resolution.

I note that the Senate Report on the bill establishing the Sentencing Guidelines Commission, Sentencing Reform Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837, 28 U.S.C. §§ 991–998 (1988), "unequivocally requires any overturned convictions to be excluded from the sentencing calculation." *United States v. Galloway,* 976 F.2d 414, 428, 431 (8th Cir.1992) *(en banc )* (dissenting opinion), *cert. denied,* —— U.S. ——, 113 S.Ct. 1420, 122 L.Ed.2d 790 (1993). That requirement, if it is correctly inferred from the Report and the language of the Act, "necessarily applies to convictions overturned on legal technicalities, as well as convictions overturned due to the Government's failure to prove guilt beyond a reasonable doubt." *Id.* As pointed out, *id.* n. 4, this "may call into question the interpretation, now widely accepted, that the Guidelines may properly permit incremental sentence enhancement for acquitted conduct due to the lessened burden of proof at the sentencing hearing."

I note further that the Act, Section 994(*l* ), which authorizes the Commission to permit imposition of incremental punishment, does so only "in a case where a defendant *is convicted of*" multiple criminal offenses. 28 U.S.C. § 994(*l* )(1) (emphasis added). Had Congress wanted separate unconvicted offenses to be punished incrementally, it could have/would have used the word "commits" instead of the words "is convicted of." *See United States v. Miller,* 910 F.2d 1321, 1329–30 (6th Cir.1990) (Merritt, *C.J.,* dissenting), *cert. denied,* 498 U.S. 1094, 111 S.Ct. 980, 112 L.Ed.2d 1065 (1991). The Senate Report speaks as follows:

> Subsection (1) directs the Commission to promulgate guidelines that reflect the appropriateness of imposing an incremental penalty for each offense if a defendant is convicted of a number of offenses that are part of the same course of conduct, and if a defendant is convicted of multiple offenses committed at different times.... If no

such incremental penalty were provided (e.g., were all sentences to be imposed without regard to the commission of other offenses and made to run concurrently), an offender who commits one offense would be faced with no deterrent to the commission of another during the interval before he is called to account for the first. It is the Committee's intent that, to the extent feasible, the sentences for each of the multiple offenses be determined separately and the degree to which they should overlap be specified. *Under this approach, if the conviction for one of the offenses is overturned, it will be unnecessary to recalculate the sentence.* S.Rep. No. 225, 98th Cong., 2d Sess. at 176–77 (1983), *reprinted in* 1984 U.S.C.C.A.N. at 3182, 3359–60 (emphasis added).

I think the converse follows: incremental penalties cannot be imposed for *acquitted* conduct.

Nor does the Fifth Circuit's *Juarez–Ortega* rationalization ring other than hollow to me: that the court is not relying on facts to punish the defendant for the extraneous offense but to justify the heavier penalties for the offenses for which he was convicted. 866 F.2d at 749 (quoted in *Rodriguez–Gonzalez,* 899 F.2d at 182, and in turn quoted and relied on in *Concepcion,* 983 F.2d at 391). When a sentence is quadrupled by the incremental/acquitted conduct, the hollowness is deafening.

I note that Judge Hall in the Fourth Circuit, *United States v. Hunter,* 19 F.3d 895, 897–98 (4th Cir.1994) (concurring opinion), recently agreed with the Ninth Circuit and with Judge Newman that the rule permitting punishment for acquitted conduct is a bad one. *This* case is an anomaly that should not be permitted to stand. I am however bound, as I have said, to follow *Concepcion,* and therefore am required, needless to say reluctantly, to concur.

---

609 (3d Cir.1989). *But see United States v. Hunter,* 19 F.3d 895, 897–99 (4th Cir.1994) (Hall, *J.,* concurring) (agreeing with *Brady* ); *United States v. Galloway,* 976 F.2d 414, 431 n. 4 (8th Cir.1992) *(en*

*banc )* (Beam, *J.,* dissenting) (questioning the majority analysis). *See also United States v. Thomas,* 961 F.2d 1110, 1121 (3d Cir.1992) (relying on *Brady* in an analogous context).