IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60300
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC QUINN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-53-ALL-LS
--------------------
December 28, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Eric Quinn appeals his sentencing following his guilty-plea conviction of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). He argues that the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) was improper because the firearm seen by officers during the drug transaction played no role in the offense of conviction. The Government argues that Quinn's appeal should be dismissed because it is precluded by the waiver-of-appeal provision in the plea agreement. The Government has failed to provide the pertinent transcript to allow this court to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

make a determination as to whether that waiver was knowing and voluntary, and the merits of Quinn's appeal are accordingly considered.  See Fed. R. App. P. 10(b)(3)(B); United States v. Dunham Concrete Prods., Inc., 475 F.2d 1241, 1251 (5th Cir. 1973).

The facts contained in the presentence report reveal that officers observed a .45-caliber semi-automatic handgun in the armrest from which Quinn retrieved the drugs involved in the offense.  Quinn offered no evidence to rebut these facts, and the district court did not clearly err in adopting that factual finding.  See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).  Nor does the fact that count 2 of the indictment -- knowingly carrying a handgun during and in relation to a drug trafficking offense -- was dismissed foreclose the application of the two-level enhancement.  See United States v. Buchanan, 70 F.3d 818, 827-28 (5th Cir. 1995); United States v. Juarez-Ortega, 866 F.2d 747, 749 (5th Cir. 1989).

The Government's motion to dismiss the appeal is DENIED. The district court's judgment is AFFIRMED.