United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50833
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

FRED DELOSSANTOS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CR-240-1
--------------------

Before KING, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Fred Delossantos appeals the sentence imposed following his guilty-plea conviction for bank fraud. He argues that the district court abused its discretion by: (1) refusing to grant him a reduction in his offense level for acceptance of responsibility and (2) upwardly departing from the applicable guideline range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In light of the evidence in the record regarding Delossantos' post-plea criminal activity, the district court did not abuse its discretion when it denied him points for acceptance of responsibility. Delossantos' post-plea conduct was entirely inconsistent with the acceptance of responsibility and outweighed any evidence supporting the reduction. See United States v. Cano-Guel, 167 F.3d 900, 906 (5th Cir. 1999).

A district court may depart from a guideline sentencing range when it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). This court reviews the district court's decision to depart for abuse of discretion. United States v. Hefferon, 314 F.3d 211, 227 (5th Cir. 2002). If the district court provides acceptable reasons for the departure and the degree of the departure is reasonable, there is no abuse of discretion. Hefferon, 314 F.3d at 227.

In this case, the district court provided acceptable reasons in support of his decision to upwardly depart, namely, Delossantos' post-plea criminal activity, which demonstrated a high likelihood of recidivism. Additionally, although the district court added approximately seven years and six months to Delossantos' three-year and ten-month guideline sentence, we

are unable to conclude that the departure was unreasonable.  See,
e.g., United States v. Lara, 975 F.2d 1120, 1126 (5th Cir. 1992)
(affirming sentence seven times greater than guideline maximum);
United States v. Roberson, 872 F.2d 597, 606 (5th Cir. 1989)
(three times); United States v. Juarez-Ortega, 866 F.2d 747
(5th Cir. 1989) (more than four times).  Moreover, Delossantos'
eleven-year and four-month sentence does not exceed the statutory
maximum of 30 years.  See 18 U.S.C. § 1344.  Accordingly, the
judgment is AFFIRMED.