976 F.2d 728
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Joseph Anthony NERIS, Defendant-Appellant.
 No. 91-5391.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 18, 1991
Decided: September 11, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, Chief District Judge. (CR-89-400-2)
 William L. Runyon, Jr., Charleston, South Carolina, for Appellant .
 E. Bart Daniel, United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.D.
 AFFIRMED.
 Before SPROUSE, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Joseph Anthony Neris was convicted of distribution of cocaine (21 U.S.C.A. § 841 (West 1981 & Supp. 1991)). He appeals his conviction and sentence, and we affirm.
 
 
 2
 Neris was originally charged in a two-count indictment alleging his participation in a conspiracy to distribute 100 kilograms of cocaine and his distribution of one ounce of cocaine in February 1988. The conspiracy count was dismissed after the government rested its case because the proof at trial showed a conspiracy involving less than 100 kilograms. The jury convicted Neris of distribution of one ounce of cocaine. The evidence was that in early 1988 Anthony Soto, a friend who had once lived with Neris, possessed two ounces of cocaine which Neris believed were his. When another friend, Eddie Merriman, tried to obtain cocaine from Neris to sell, Neris instructed Merriman to steal the cocaine from Soto, which he did. Merriman found only one ounce in Soto's apartment because Soto had sold the other ounce to an undercover officer. Merriman then sold the remaining ounce to the same undercover officer and returned most of the money to Neris.
 
 
 3
 After the verdict, Neris moved for a judgment of acquittal or for a new trial on a number of grounds, including (1) a failure of proof in that Merriman testified he stole the cocaine from Soto while Soto was living with Neris, when other evidence showed that by then Soto had moved to a different apartment, and (2) alleged misconduct by the case agent (the undercover officer), who did not reveal until crossexamination that Neris's drug involvement was known when he left the conspiracy and was hired by the Internal Revenue Service (IRS), but was kept quiet so as not to impede the continuing investigation of the conspiracy. Both motions were denied by the district court.
 
 
 4
 Neris renews his contentions on appeal, arguing first that Merriman's testimony created a fatal variance between the indictment and the evidence and, second, that the agent's revelation that Neris had not cleared his background check for the IRS destroyed his defense. We find no error in the district court's rulings. Apart from Merriman's confusion over where Soto was living at the time of the theft, the evidence given by Soto, Merriman, and the agent was consistent and showed that Neris was instrumental in the distribution of the ounce of cocaine to the agent. Whether the IRS was aware of Neris's illegal activities while he worked there was not exculpatory and did not violate any provision of Fed. R. Crim. P. 16. Therefore, there was no error.
 
 
 5
 Neris also objects to the use of evidence adduced to prove count I (the count on which he was acquitted) in determining his offense level for count II (the count on which he was convicted). He concedes that the amounts in count I are relevant conduct under U.S.S.G. § 1B1.3 and are properly considered under the sentencing guidelines, but maintains that their use violates the double jeopardy clause and that the district court should therefore have disregarded the guidelines. We disagree; acquitted conduct may be considered at sentencing if it is proved by a preponderance of the evidence. United States v. Averi, 922 F.2d 765 (11th Cir. 1991); United States v. Isom, 886 F.2d 736 (4th Cir. 1989). Its use to enhance a sentence does not constitute multiple punishment in violation of the double jeopardy clause. United States v. Rodriguez-Gonzalez, 899 F.2d 177 (2d Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990).
 
 
 6
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED