**UNITED STATES of America, Appellee,**

v.

**Corey A. MOORE, Appellant.**

No. 95–3169.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 3, 1996.

Decided Oct. 11, 1996.

**562**

Michael X. Imbroscio, argued the cause, for appellant, with whom Lanny A. Breuer, Washington, DC, was on the briefs.

John Moustakas, Assistant United States Attorney, argued the cause, for appellee, with whom Eric H. Holder, Jr., United States Attorney, John R. Fisher, Elizabeth Trosman, and Peter R. Zeidenberg, Assistant United States Attorneys, Washington, DC, were on the brief.

Before: EDWARDS, Chief Judge, ROGERS and TATEL, Circuit Judges.

HARRY T. EDWARDS, Chief Judge:

Appellant Corey Moore was convicted of possession of an unregistered sawed-off rifle, in violation of the National Firearms Act ("Act"), 26 U.S.C. § 5861(d) (1994).[1] Appellant contends that there was insufficient evidence for a reasonable jury to conclude that he had the requisite mens rea under § 5861(d).

We hold that there was sufficient evidence to support the conviction. Although there is some disagreement among the circuits over the mens rea requirement of § 5861(d) in cases involving sawed-off weapons—*i.e.*, whether it requires that appellant knew that the weapon was shorter than the prescribed length or merely that he knew it was sawed off—there is sufficient evidence in this case to support a finding that appellant had the requisite mens rea under either interpretation. At oral argument, appellant's counsel was hard-pressed to deny that appellant maintained constructive possession of the weapon, a point that seems evident from the record. In addition, appellant testified at trial that he handled the rifle in October 1993. Finally, on the evidence before it, the jury could have concluded that appellant lived at his sister's home, where the sawed-off rifle was found. Thus, even if the weapon was sawed off after October 1993, the jury could have inferred that appellant knew of its modified condition, as he was in continuous control of the weapon. These facts are sufficient to satisfy the mens rea requirement of § 5861(d). *See United States v. Foster*, 19 F.3d 1452, 1454 (D.C.Cir.1994) ("The readily apparent barrel length and general appearance of the sawed-off rifle" are sufficient to allow a jury to conclude that appellant had the requisite mens rea.).

We also reject appellant's contention that the District Court abused its discretion in declining to sever the sawed-off rifle count from unrelated semi-automatic counts. At trial, appellant testified that when he saw the rifle in October 1993, he believed it was a BB gun. The evidence regarding the semi-automatic counts would have been admissible at a trial on the sawed-off rifle count to negate appellant's purported mistake of fact. Thus, because the evidence was independently admissible, *see Drew v. United States*, 331 F.2d 85, 90 (D.C.Cir.1964), the District Court did not abuse its discretion by failing to sever the offenses under Rule 14 of the Federal Rules of Criminal Procedure.

## I. BACKGROUND

On November 4, 1994, as part of an undercover operation at Ballou High School, a

---

1. The Act makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). The Act defines a "firearm" as, *inter alia*:
   (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length....

   26 U.S.C. §§ 5845(a)(1)-(4) (1994).

plainclothes police officer observed appellant with what appeared to be a concealed rifle in his jacket. Trial Tr. (Mar. 20, 1995, afternoon session) at 23, 25–26, *reprinted in* Appendix for the Appellant ("App.") 190, 192–93. Later, on the same date, another police officer saw appellant remove an object that looked like a rifle from his jacket and lay it on the grass. *Id.* at 66, *reprinted in* App. 233. A third officer then recovered a semi-automatic assault rifle at that location. Trial Tr. (Mar. 21, 1995, morning session) at 27, *reprinted in* App. 282. Appellant was arrested and charged with three counts relating to the possession of the rifle.

On November 5, 1994, police executed a search warrant at appellant's sister's apartment.[2] During the course of the search, the police found a sawed-off rifle. Trial Tr. (Mar. 21, 1995, morning session) at 36, *reprinted in* App. 291. The rifle was located in a closet in appellant's sister's bedroom, wrapped in a blanket, which was inside a bag, which was inside another bag. *Id.* at 36–37, *reprinted in* App. 291–92. Appellant, already in custody, was charged with possession of the unregistered sawed-off rifle in violation of § 5861(d).

The semi-automatic counts and the sawed-off rifle count were joined for trial. At trial, appellant's attorney moved to sever the two charges under Rule 14 of the Federal Rules of Criminal Procedure. The judge indicated that the evidence relating to the semi-automatic counts would be admissible in a trial on the sawed-off rifle count and, therefore, denied the motion to sever. Trial Tr. (Mar. 20, 1995, afternoon session) at 4–5, *reprinted in* App. 171–72.

As part of the prosecution's case-in-chief on the sawed-off rifle count, an agent from the Bureau of Alcohol, Tobacco, and Firearms testified that the barrel of the rifle had been sawed off to 13 1/16 inches. Trial Tr. (Mar. 21, 1995, morning session) at 54–55, *reprinted in* App. 309–10. An FBI agent testified that appellant's fingerprints were found on a detachable scope that was attached to the rifle at the time when it was discovered by the police. *Id.* at 68, *reprinted*

*in* App. 323. Two police officers testified that, when he was arrested, appellant had given his sister's address as his residence. Trial Tr. (Mar. 20, 1995, afternoon session) at 35, *reprinted in* App. 202; Trial Tr. (Mar. 21, 1995, morning session) at 28, *reprinted in* App. 283. During the trial, the prosecution also introduced testimony relating to the recovery of the semi-automatic rifle on November 4, 1994. *E.g.,* Trial Tr. (Mar. 20, 1995, afternoon session) at 22–41, 62–70, *reprinted in* App. 189–208, 229–37.

As part of his defense, appellant took the stand. He testified that he had found the detachable scope in a taxicab sometime in 1993 and had helped attach it to the gun in October 1993. Trial Tr. (Mar. 21, 1995, afternoon session) at 46–48, *reprinted in* App. 378–80. He also testified that when he had seen the rifle in October 1993, it had been longer, *id.* at 45, *reprinted in* App. 377, and that he had believed it was a BB gun, *id.* at 55, *reprinted in* App. 387; *see also id.* at 47, *reprinted in* App. 379. Appellant further testified that he had telephoned his sister in December 1993, telling her to move the gun out of the reach of her children. *Id.* at 48–49, *reprinted in* App. 380–81. In addition, he stated that, when arrested, he had given several different addresses to the police as his residence, one of which was his sister's. *Id.* at 51–52, *reprinted in* App. 383–84. The jury acquitted appellant on the semi-automatic rifle counts, but convicted him of possession of an unregistered sawed-off rifle in violation of § 5861(d).

## II. ANALYSIS

### A. Sufficiency of Evidence

Appellant argues that there was insufficient evidence for a jury to conclude that he had the requisite mens rea under § 5861(d). In reviewing a sufficiency of evidence claim, this court reviews the evidence *de novo*, in a light most favorable to the Government, *United States v. Lucas,* 67 F.3d 956, 959 (D.C.Cir.1995), in order to determine whether a "rational trier of fact could have found the essential elements of the

2. The warrant had been obtained before appellant's arrest on November 4. Tr. of Motion Hearing (Mar. 15, 1995) at 16, *reprinted in* App. 86.

crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In evaluating the Government's proof, the court draws no distinction between direct and circumstantial evidence. *United States v. Teffera*, 985 F.2d 1082, 1085 (D.C.Cir.1993).

In *Staples v. United States*, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), the Supreme Court considered the mens rea requirement of § 5861(d). The Court held that, under § 5861(d), the Government must prove that the defendant knew of the features of the weapon that brought it within the scope of the Act. *Id.* at —, 114 S.Ct. at 1804. There is some disagreement among the circuits over how *Staples* applies to sawed-off weapons, *i.e.*, whether it requires that the defendant knew that the weapon was shorter than the prescribed length or merely that the defendant knew that it was sawed off. *Compare, e.g., United States v. Edwards*, 90 F.3d 199, 204 (7th Cir.1996) (holding that *Staples* requires the Government to prove that the defendant knew his shotgun was shorter than the prescribed length); *United States v. Mains*, 33 F.3d 1222, 1230 (10th Cir.1994) (stating that the defendant must have knowledge of "the length of the barrel or the overall length of the gun" to be convicted under the Act) *with United States v. Barr*, 32 F.3d 1320, 1324 (8th Cir.1994) (holding that a sawed-off shotgun is "quasi-suspect" and that, therefore, the Government need only prove that the defendant possessed the "quasi-suspect" weapon and observed its characteristics). In this case, the Government concedes that § 5861(d) requires that appellant knew that the rifle was shorter than sixteen inches, but we have no need to decide the issue. Under either of the competing interpretations of *Staples*, there was sufficient evidence on this record for a jury to conclude that appellant had the requisite mens rea.

■ At oral argument, appellant's counsel all but conceded that defendant had constructive possession of the weapon. Such a concession would be hardly surprising, for the point is manifest from the record. In addition, appellant testified at trial that he handled the rifle in October 1993, Trial Tr. (Mar.

21, 1995, afternoon session) at 45–47, *reprinted in* App. 377–79, and that he telephoned his sister in December 1993 to tell her to move the gun out of the reach of her children, *id.* at 48–49, *reprinted in* App. 380–81. Finally, in considering the evidence before it, the jury could have concluded that appellant lived at his sister's home, where the sawed-off rifle was found. From these facts, the jury could have inferred that even if the weapon was sawed off after October 1993, appellant knew of its modified condition, as he was in continuous control of the weapon. The jury could also have inferred that appellant knew—by observing the 13 1/16 inch weapon—that the rifle was shorter than sixteen inches. *See Foster*, 19 F.3d at 1454 ("The readily apparent barrel length and general appearance of the sawed-off rifle" are sufficient to allow a jury to conclude that appellant had the requisite mens rea.); *see also Edwards*, 90 F.3d at 204–05 (noting that knowledge of the weapon's length can be inferred from a sawed-off weapon's appearance). Thus, we reject appellant's sufficiency claim.

## B. Failure to Sever Under Rule 14

■ Appellant next argues that the District Court erred in failing to order a severance of the semi-automatic counts from the sawed-off rifle count under Rule 14 of the Federal Rules of Criminal Procedure. We review this claim under an abuse of discretion standard. *United States v. Lincoln*, 992 F.2d 356, 359 (D.C.Cir.1993).

■ Under Rule 14, a district court may order that counts be tried separately "[i]f it appears that a defendant ... is prejudiced by a joinder of offenses." FED.R.CRIM.P. 14. Joined offenses need not be severed, however, if the evidence of each crime would be admissible in a separate trial for the other. *Drew*, 331 F.2d at 90. While evidence of other crimes is generally inadmissible in a criminal trial, it may be admissible to prove intent, knowledge, or absence of mistake. FED.R.EVID. 404(b). Even if evidence of the other crimes is deemed independently relevant under Rule 404(b), the district court may still exclude the evidence if its probative

value is substantially outweighed by the prejudicial effect. FED.R.EVID. 403.

■ In this case, the evidence relating to appellant's alleged possession of the semi-automatic rifle would have been admissible to negate appellant's purported mistake of fact. *See* FED.R.EVID. 404(b). At trial, appellant testified that, when he saw the rifle in October 1993, he believed it was a BB gun. Trial Tr. (Mar. 21, 1995, afternoon session) at 55, *reprinted in* App. 387; *see also id.* at 47, *reprinted in* App. 379. If the jury believed that appellant did not know it was a rifle, then this mistake of fact would have negated his intent. *See United States v. Harris,* 959 F.2d 246, 260 (D.C.Cir.) ("[I]f someone utterly unfamiliar with guns should be given what he was told was an antique shotgun, and it turned out to be an Uzi submachine gun," he would not have the requisite mens rea under § 5861(d).), *cert. denied,* 506 U.S. 932, 113 S.Ct. 362, 121 L.Ed.2d 275 (1992). The fact that appellant was arrested for possession of a semi-automatic rifle the night before the sawed-off rifle was discovered was relevant to his knowledge of guns. This knowledge could be used to negate his purported mistake of fact. Thus, the evidence probably would have been admissible under Rule 404(b) in a trial on the sawed-off rifle count. In addition, it would not have been an abuse of discretion for the District Court to fail to exclude this evidence under a Rule 403 balancing. The District Court therefore did not abuse its discretion by failing to order a Rule 14 severance.

### III. CONCLUSION

For the reasons set forth above, we affirm appellant's conviction.

*So ordered.*