# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2909

_____

United States of America,               *
                                         *
                Appellee,                *
                                         *   Appeal from the United States
        v.                               *   District Court for the
                                         *   Eastern District of Arkansas.
David Lyons, Jr., also known as Duke,    *
also known as Big Duke,                  *        [UNPUBLISHED]
                                         *
                Appellant.               *

_____

Submitted: April 6, 2000
Filed: April 11, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

David Lyons, Jr., was convicted of knowingly possessing a firearm not registered in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d), and knowingly possessing a firearm not identified by a serial number, in violation of 26 U.S.C. § 5861(i). On appeal, he concedes his modified rifle (which was 12-1/2 inches long with a 5-3/8-inch barrel) was a "firearm" that needed to be

registered, but he contends the district court[1] erred by not requiring the government to prove he knew registration was necessary. Alternatively, he asks us to convene en banc and overrule United States v. Barr, 32 F.3d 1320, 1323-24 (8th Cir. 1994) (where characteristics of weapon render it "quasi-suspect," government need not prove defendant knew of specific characteristics making weapon subject to § 5861(d) and (i) of National Firearms Act (Act); government need only prove defendant possessed "quasi-suspect" weapon and observed its characteristics).

The Act includes in the definition of "firearm" "a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length." 26 U.S.C. § 5845(a). Reviewing the evidence presented to the district court de novo and in the light most favorable to the government, see United States v. Brooks, 174 F.3d 950, 954 (8th Cir. 1999), and noting Mr. Lyons's testimony that the rifle had been his since 1963, that it was unique because he had never seen anything like it and had never seen a bolt-action pistol, and that he had shown it to others, we conclude the evidence showed he knew of its features that brought it within the scope of the Act. See Staples v. United States, 511 U.S. 600, 603, 616 n.11, 619 (1994) (government should have been required to prove defendant knew weapon he possessed (internally modified rifle) had characteristics that brought it within Act's definition of machinegun; knowledge can be inferred from circumstantial evidence, including any external indications signaling weapon's nature); United States v. Moore, 97 F.3d 561, 563-64 (D.C. Cir. 1996) (jury could have found § 5861(d) violation, because evidence showed defendant possessed sawed-off rifle at his residence, and jury could have inferred he knew it was shorter than 16 inches); cf. United States v. Rith, 164 F.3d 1323, 1337 (10th Cir.) (despite defendant's testimony to contrary, jury could have reasonably concluded he knew sawed-off shotgun was under legal length), cert. denied, 120 S. Ct. 78 (1999).

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Because our decision today does not rely on <u>Barr</u>, we need not further address Mr. Lyons's request that we overrule it.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.