In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1199

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIE C. JONES,

Defendant-Appellant.


Appeal from the United States District Court
for the Southern District of Illinois.
No. 99 CR 40053--William D. Stiehl, Judge.


Argued June 13, 2000--Decided July 21, 2000



Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.  Attempting to break up a domestic argument, police officer Ron Almaroad helped Willie Jones move his property from the front lawn of his ex-wife's apartment building to a nearby residence. Among other items, Mr. Jones placed a .30 caliber semi-automatic rifle in the backseat of the police car. Despite Mr. Jones' assertion that the rifle was a "BB gun," Officer Almaroad arrested him because the officer knew that he was a felon and, therefore, was prohibited by law from possessing the firearm.

A federal grand jury then indicted Mr. Jones for possession of a firearm by a felon, in violation of 18 U.S.C. sec. 922(g)(1). At trial, Mr. Jones did not testify, but he sought to establish through cross-examination and argument that he thought the rifle was a BB gun and, therefore, that he did not knowingly possess a firearm. See 18 U.S.C. sec.sec. 922(g)(1), 924(a)(2). To undermine this defense, the prosecution offered as evidence, a .30 caliber cartridge and standard air rifle ammunition--two BBs and a .177 caliber pellet. The ammunition, none of which was recovered from Mr. Jones, was offered over objection for demonstrative purposes. A jury found Mr. Jones guilty, and the district court then sentenced him to 200 months' imprisonment. He appeals, arguing that the district court erred

both when it admitted the ammunition and when it denied his motion for judgment of acquittal. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

I
BACKGROUND

At trial, Mr. Jones stipulated to his prior felony conviction and did not dispute that he possessed the firearm or that it previously had moved in or affected interstate commerce. Officer Almaroad testified that, on July 15, 1998, he responded to a report of a domestic disturbance. Upon arriving at the residence, Officer Almaroad observed that police officers were already on the scene and had separated Mr. Jones from Carolyn Doggin, his ex-wife. Once Officer Almaroad ascertained that no offense had occurred in connection with the domestic dispute, he offered to drive Mr. Jones away from the area in order to avoid any further conflict. Mr. Jones agreed and said that he would like to take some personal items. Officer Almaroad helped Mr. Jones load a typewriter and a television into his squad car. After Officer Almaroad seated himself in the driver's seat, he looked in the rearview mirror and observed Mr. Jones place a rifle in the backseat. Mr. Jones then sat in the front passenger's seat. Officer Almaroad inquired as to the item that Mr. Jones had placed in the backseat. Mr. Jones replied that it was a BB gun.

The prosecution offered the rifle into evidence, allowing the jurors to handle the firearm, to feel the weight of the gun and to observe the diameter of the rifle's bore. The prosecution also offered as demonstrative evidence a .30 caliber cartridge, and standard air rifle ammunition--two BBs and a .177 caliber pellet--to show the difference between the bore of a BB gun and that of a .30 caliber rifle. The court admitted the ammunition evidence over objection from Mr. Jones, who sought to exclude it on the theory that the police had not recovered it from him or found it with the gun. Additionally, Officer Almaroad and Illinois State Police Crime Lab Technician Robert Dunbar testified that, upon viewing the weapon, they immediately knew that the rifle was not a BB gun. Mr. Jones never requested a cautionary instruction concerning the ammunition, and the court did not give one in its final charge to the jury.

II
DISCUSSION
A.  Admissibility of the Ammunition

Mr. Jones first argues that the district court

should have excluded the ammunition evidence as irrelevant. He contends that it was not found in his possession and so was not probative of whether he knew the instrument he possessed was a firearm. Because Mr. Jones objected to the ammunition's relevancy at trial, we review the district court's decision to admit that evidence for an abuse of discretion. See United States v. Montani, 204 F.3d 761, 765 (7th Cir. 2000).

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; United States v. Griffin, 194 F.3d 808, 821 n.6 (7th Cir. 1999), cert. denied, 120 S. Ct. 1546 (2000). At trial, Mr. Jones' sole defense-- one presented exclusively through cross- examination and argument by counsel--was that he thought that the instrument he possessed was a BB gun. The prosecution's ammunition evidence demonstrated the size differences between .30 caliber ammunition and standard BB gun ammunition and between the BB gun ammunition and the bore of Mr. Jones' rifle. This evidence rendered less probable Mr. Jones' contention that he thought his rifle was a BB gun; therefore, the ammunition evidence was relevant. Because relevant evidence is admissible under Federal Rule of Evidence 402, the district court did not abuse its discretion in admitting the ammunition. See Griffin, 194 F.3d at 821 n.7.

Mr. Jones also contends that admission of the ammunition was "highly prejudicial." We note, however, that despite two opportunities to do so, Mr. Jones did not request that the jury be cautioned that the ammunition was admitted solely for demonstrative purposes. We cannot say that the district court erred in concluding that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403.

B.  Motion for Judgment of Acquittal

Mr. Jones next argues that the district court erred in denying his motion for judgment of acquittal. We review a district court's denial of a motion for acquittal de novo. See United States v. Blassingame, 197 F.3d 271, 284 (7th Cir. 1999), cert. denied, 120 S. Ct. 2024 (2000). Such motions should be granted only where "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering the sufficiency of the evidence, we review it in the light most favorable to the prosecution, see United States v. Hach, 162 F.3d 937, 942 (7th Cir. 1998), cert. denied, 119 S.

Ct. 1586 (1999), and as long as any rational jury could have returned a guilty verdict, the verdict must stand. See Blassingame, 197 F.3d at 284.

To prove that a defendant is guilty of possession of a firearm by a felon, the Government must establish that: (1) the defendant knowingly possessed a firearm; (2) he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (3) the possession of the firearm was in or affecting interstate commerce. See 18 U.S.C. sec.sec. 922(g)(1), 924(a)(2). See also United States v. Johnson, 127 F.3d 625, 629 (7th Cir. 1997). In this case, Mr. Jones does not dispute the sufficiency of the prosecution's evidence as to elements two and three; he argues only that the prosecution failed to present sufficient evidence that he knew that the object he possessed was a firearm. To prove that a defendant "knowingly possessed a firearm," the Government must establish that the defendant consciously possessed what he knew to be a firearm. See United States v. Deleveaux, 205 F.3d 1292, 1298 (11th Cir. 2000), cert. denied, ___ S. Ct. ___ (2000); United States v. Frazier-El, 204 F.3d 553, 561 (4th Cir. 2000); United States v. Reed, 114 F.3d 1053, 1056 (10th Cir. 1997). The Government argues that it presented sufficient evidence, i.e., the rifle, the demonstrative ammunition, and the testimony from two police witnesses, to prove that Mr. Jones knowingly possessed the rifle.

We first note that the rifle alone provided the jury with a sufficient basis to reasonably conclude that Mr. Jones knew that he possessed a "firearm" and not a BB gun. Due to a lack of sec. 922(g)(1) cases on point, we are guided by sufficiency-of-the-evidence cases discussing a similar knowledge requirement under the National Firearms Act, 26 U.S.C. sec.sec. 5801-72, in evaluating the probative value of the rifle as evidence of Mr. Jones' knowledge. We conclude that the rifle was sufficient evidence for a jury to find that Mr. Jones knew that he possessed a firearm. Under sec. 5861(d), it is unlawful to possess an unregistered "firearm," as that term is defined in the Act. See 26 U.S.C. sec. 5861(d). Included within the definition of "firearm" is a shotgun with an overall length of less than twenty-six inches or a barrel length of less than eighteen inches. See 26 U.S.C. sec. 5845. To obtain a conviction under the National Firearms Act, the government must prove that the defendant knew of the particular characteristics that brought his weapon within the scope of the Act. See Staples v. United States, 511 U.S. 600,

619 (1994); United States v. Edwards, 90 F.3d 199, 204-05 (7th Cir. 1996) (holding that the government must prove that the defendant knew that the barrel of his shotgun was less than eighteen inches).

In prosecutions under the National Firearms Act, courts have held that evidence a defendant observed and handled his "sawed-off shotgun" is sufficient for a jury reasonably to infer that the defendant knew that the weapon was shorter than twenty-six inches overall or had a barrel length of less than eighteen inches./1 Here, the prosecution presented evidence from which a rational jury could infer that Mr. Jones possessed what he knew to be a firearm. The jurors inspected the rifle at trial. Based on the rifle's obvious characteristics--the diameter of the rifle's bore, the rifle's weight, and its general appearance--the jury could infer that Mr. Jones knew that the instrument he possessed was a firearm, not a BB gun. The ammunition and the testimony of Officer Almaroad and Mr. Dunbar adds to the sufficiency of the prosecution's evidence, providing further support for the jury's conclusion that Mr. Jones knew that he possessed a firearm. Accordingly, we conclude that a rational jury could have determined that Mr. Jones knowingly possessed a firearm.

Conclusion

Because the ammunition evidence was probative of Mr. Jones' knowledge that the instrument he possessed was a firearm, the district court did not err in admitting the ammunition. As well, the government presented sufficient evidence to support the jury's determination that Mr. Jones knowingly possessed a firearm. Consequently, the district court properly denied Mr. Jones' motion for judgment of acquittal. Accordingly, the judgment of the district court is affirmed.

AFFIRMED


/1 See United States v. Gergen, 172 F.3d 719, 725 (9th Cir. 1999) (reasoning that "[e]xternally visible characteristics weigh heavily as to . . . knowledge of the shotgun's dangerous characteristics"); United States v. Jackson, 124 F.3d 607, 614 (4th Cir. 1997) (concluding that the defendant's knowledge of the proscribed nature of the firearm could be inferred from his possession of the weapon because it was "an obvious 8 inches shorter than that permitted under the statute"); United States v. Moore, 97 F.3d 561, 564 (D.C. Cir. 1996) (concluding that the jury could have reasonably inferred that the defendant knew the rifle was shorter than 16

inches by observing the 13-1/16 inch weapon); United States v. Foster, 19 F.3d 1452, 1454 (D.C. Cir. 1994) (concluding that the readily apparent barrel length and general appearance of the sawed-off rifle were sufficient to allow a jury to conclude that the defendant had the requisite knowledge); see also Edwards, 90 F.3d at 20 (noting that the fact that the shotgun's length is externally obvious is a means of proving knowledge). Similarly, in United States v. Thompson, 82 F.3d 849, 854 (9th Cir. 1996), the Ninth Circuit held that the prosecution presented sufficient evidence to prove that the defendant knew that his unregistered "fake suppressor"--an aesthetic gun accessory designed to look like a silencer--had been modified to work as a real silencer in violation of the National Firearms Act. The court, reasoning that the defendant's "knowledge can be inferred from . . . any external indications signaling the nature of the weapon," found the evidence sufficient primarily due to a government expert's testimony that upon viewing the modified suppressor "anyone could notice" that holes had been drilled in the device to transform it into a functioning silencer. Id. (quoting Staples, 511 U.S. at 615 n.11).