**UNITED STATES of America, Appellee**

v.

**Nathaniel L. THOMAS, Appellant.**

No. 04–3097.

United States Court of Appeals, District of Columbia Circuit.

Dec. 30, 2005.

Roy Wallace Mcleese, III, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Florence Y. Pan, Attorney, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Kristina L. Ament, U.S. Department of Justice, Washington, DC, for Appellee.

Adam Harris Kurland, Howard University School of Law, Washington, DC, for Appellant.

Before: GINSBURG, Chief Judge, and SENTELLE, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

## *JUDGMENT*

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. For the reasons stated in the accompanying memorandum, it is

**ORDERED AND ADJUDGED** that the appellant's conviction be affirmed and that the case be remanded to the district court for resentencing.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a)(1).

## *MEMORANDUM*

Thomas pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He now appeals, alleging ineffective assistance of counsel, a violation of Federal Rule of Criminal Procedure 11(b)(3), and an error in sentencing. The first two grounds lack merit; as to the third, the Government agrees a remand for resentencing is appropriate due to the miscalculation of Thomas' criminal history in the revised pre-sentence investigation report.

■ Thomas has not met the heavy burden required to show ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Thomas argues his counsel was ineffective for not advising him against pleading guilty. He asserts no reasonable jury could have found he constructively possessed the firearm because he was incarcerated on the date charged in the indictment. Our caselaw, however, suggests a defendant may have

constructive possession of a firearm even while incarcerated, *see United States v. Moore*, 97 F.3d 561, 562–64 (1996); therefore, Thomas' counsel reasonably advised him concerning the entry of a bargained guilty plea.

■ Thomas next argues his counsel was ineffective for failing to pursue a conditional plea that would have allowed him to appeal the denial of his motion to suppress. On the contrary, in light of the benefits Thomas received by agreeing to the guilty plea, and of the likelihood the district court's denial of his suppression motion would have been upheld on appeal, *see United States v. Menon*, 24 F.3d 550, 560 (3d Cir.1994) (search is lawful if it "fits within the literal terms of the warrant and is a reasonable means of obtaining the objects described in the warrant"), the decision not to pursue a conditional plea seems to have been a reasonable "strategic choice[ ]," *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052.

In his brief, Thomas also argues he is entitled to a remand under *United States v. Rashad*, 331 F.3d 908 (D.C.Cir.2003), because the record does not reveal conclusively whether his counsel was ineffective for failing to argue a violation of the Speedy Trial Act, 18 U.S.C. § 3161, and failing to litigate the marital privilege of Thomas' wife. These points are not well taken. First, as Thomas' counsel conceded at oral argument, there was no violation of the Speedy Trial Act. Oral Argument at 14:39–43.

■ Furthermore, the record demonstrates conclusively that Thomas was not prejudiced by his counsel's failure to investigate the issue of marital privilege. The discovery of the firearms in Thomas' bedroom and the expected testimony of Thomas' mother and brother that they had purchased the guns for him leave us with no

reason to believe Thomas would have insisted upon going to trial if only his wife's testimony had been excluded. *See United States v. Weaver,* 234 F.3d 42, 43 (D.C.Cir. 2000) (considering "the relative unimportance of the witness" and "the strength of the government's other evidence").

█ Finally, we reject Thomas' claim that the district court committed plain error under Rule 11(b)(3). Because, as explained above, a jury could have found Thomas had constructive possession of the firearms, there was a sufficient factual basis for the plea. *See United States v. Rashad,* 396 F.3d 398, 402 (D.C.Cir.2005).