# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-1249

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LESLIE J. HAMILTON,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03-C-170—**J. P. Stadtmueller**, *Judge*.

———————

ARGUED APRIL 18, 2007—DECIDED AUGUST 29, 2007

———————

Before POSNER, COFFEY, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*.   A jury found the defendant guilty of multiple counts of mail and wire fraud in further-ance of a classic Ponzi scheme that swindled investors out of $14 million. The judge sentenced him to 300 months. The defendant complains about a jury instruction proposed by the government and given by the judge which states that "if money or property is obtained through knowingly false representations, the scheme to defraud is established, regardless of whether the defendant hoped, intended, or even expected that the victims would eventually be satisfied." He contends that although this is a Seventh

Circuit pattern instruction, it is erroneous in light of our decision in *United States v. Bessesen*, 445 F.2d 463 (7th Cir. 1971).

The defendant did not object to the giving of the instruction, and the government says that by not objecting he waived any objection to it. He replies that, no, it was just a forfeiture—an accidental blunder—leaving him free to argue on appeal that the giving of the instruction was a plain error. If it was waiver—the intentional relinquishment of a known right—rather than forfeiture, he cannot challenge it even as plain error. *United States v. Olana*, 507 U.S. 725, 733 (1993); *United States v. Babul*, 476 F.3d 498, 499 (7th Cir. 2007). Otherwise forfeiture and waiver would be equated.

The judge had ordered the parties to prepare jointly a pretrial order that would contain proposed jury instructions and to indicate in the order any objections to the other side's proposed instructions. Each party objected to some of the other party's proposals but, as we said, the defendant did not object to the government's proposed instruction on intent. The government says the "instruction was jointly submitted by the parties," but this is misleading and indeed disingenuous. The instruction appears in a section of the pretrial report captioned "Government's Requested Jury Instructions." Had it been one of the defendant's requested instructions, any objection to giving it would indeed have been waived, e.g., *United States v. Bennafield*, 287 F.3d 320, 325 (4th Cir. 2002); *United States v. Giovanelli*, 464 F.3d 346, 351 (2d Cir. 2006) (per curiam); *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998)—it would be a case of "invited error," as the cases say. And likewise if it had been the substantial equivalent of the instruction that was given, *United States v. Muskovesky*, 863

F.2d 1319, 1329 (7th Cir. 1988), or if the defendant had agreed to the instruction or it had appeared in a section of the pretrial report captioned "Instructions Agreed to by Both Parties" or some equivalent formulation. *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005). But a failure to object, which for all we know was inadvertent—there were nearly fifty pages of instructions, and while the judge invited objections he didn't ask the defendant's lawyer whether the lawyer agreed to the instructions to which he did not object, or ask the lawyer specifically about the intent instruction—is not an "*intentional* relinquishment of a known right," the canonical definition of waiver. E.g., *United States v. Olana*, *supra*, 507 U.S. at 733; *United States v. Woods*, 301 F.3d 556, 560 (7th Cir. 2002).

The government asks us to pick through the record with a fine-tooth comb and infer that the defendant's lawyer *must* have thought the instruction okay, in which event his failure to object would be deliberate and therefore a waiver. *United States v. Salerno*, 108 F.3d 730, 738-40 (7th Cir. 1999); *Governor of the Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir. 2005); *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). But we cannot find any indication of that, and doubts should be resolved against a finding of waiver, *United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007); *Texaco Exploration & Production Co. v. AmClyde Engineered Products Co.*, 243 F.3d 906, 911 (5th Cir. 2001); *Cabinet Vision v. Cabnetware*, 129 F.3d 595, 601 (Fed. Cir. 1997), for by precluding judicial review it invites a challenge that the lawyer's failure to object constituted ineffective assistance of counsel. Here, for example, we can head off that challenge by noting once we get past the waiver question that

there is no basis for such a challenge because there was no error (let alone plain error) in the instruction.

If you embezzle from your employer you are not excused just because you had an honest intention of replacing the money, maybe with interest—just because you embezzled the money to gamble and were honestly convinced that you were on a lucky streak and would win enough to cover the defalcation comfortably. *United States v. Radziszewski*, 474 F.3d 480, 485 (7th Cir. 2007); *United States v. Daniel*, 329 F.3d 480, 488 (6th Cir. 2003); *United States v. Karro*, 257 F.3d 112, 118 (2d Cir. 2001). You imposed a risk of loss on the employer—deliberately, fraudulently, and without a shadow of excuse or justification—and that is harm enough to trigger criminal liability even though in the rare case the harm proves harmless because the money is replaced.

The same principle that covers embezzlement covers fraud. But against a mountain of authority in this and other circuits thus approving the intent instruction given in this case, or its equivalent, e.g., *United States v. Mabrook*, 301 F.3d 503, 509 (7th Cir. 2002); *United States v. Brandon*, 50 F.3d 464, 468 (7th Cir. 1995); *United States v. Daniel, supra*, 329 F.3d at 490; *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986), the defendant has only the lone case of *United States v. Bessesen, supra*, to cite. The defendants in that case were accused of check kiting. "Taking advantage of the fact that it takes several days to clear checks between banks in different cities and the fact that often banks will honor checks drawn against uncollected funds and accept overdrafts for a period of time, the defendants drew checks upon one bank where there were no or insufficient funds in favor of another bank; before the checks reached the drawee bank for payment other checks

were drawn against another bank where there were no or insufficient funds and deposited in the drawee bank." 445 F.2d at 466. But there was evidence that the defendants expected a third person, who had covered their overdrafts in the past, to cover these overdrafts, and the court held that the defendants were entitled to an instruction that would present this theory to the jury. The decision is distinguishable from the embezzlement and fraud cases that approve the challenged instruction and from this case as well. If the defendants in *Bessesen* thought their overdrafts would be covered they weren't intending to separate the banks from any of the banks' money, even—as in the embezzlement case that we put and conceivably in this case as well—temporarily. In this case persons were persuaded by the defendant's fraudulent representations to give him money, and so he got money from them by fraud even if he intended to pay them back eventually, whereas in *Bessesen* the defendants claimed that they didn't intend to take any money from the banks, even temporarily.

*Bessesen* is in any event inconsistent with the later cases in this and the other circuits, which emphasize the risk of loss that a fraud creates. Even if the *Bessesen* defendants' version of the facts were accepted, they put the banks at risk of loss and an intention to do that by deceptive means (by writing checks back and forth between the banks, the defendants were concealing their overdrafts) is all that is required to prove mail or wire fraud. *United States v. Morales*, 978 F.2d 650, 653 (11th Cir. 1992). To avoid future attempts to rely on *Bessesen*, we hereby overrule it. The opinion has therefore been circulated to the full court in advance of publication, in accordance with 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*