In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 07-1176

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEANGELO SANDERS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CR 30200—**Michael J. Reagan**, *Judge.*

———————

ARGUED OCTOBER 26, 2007—DECIDED MARCH 21, 2008

———————

Before POSNER, FLAUM, and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge*.  Defendant-Appellant DeAngelo Sanders was indicted on the charges of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5845, 5861(d) and 5871, and possession of a firearm as a felon in contravention of 18 U.S.C. §§ 922(g)(1) and 924(e)(2)(B)(i) and (ii). Following a trial, a jury found Sanders guilty on both counts. The district court sentenced Sanders to 295 months' imprisonment on Count 1 and 120 months on Count 2, to be served concurrently. Sanders now appeals his conviction and sentence, and we affirm.

The charges arose out of an incident on December 6, 2005. As a result of work with an informant, the police were aware that Amid Kennedy was going to be involved in a proposed transaction involving firearms, which initially was to involve the purchase of a gun but ultimately was to involve the trading of a sawed-off shotgun for a pistol. The police were present at the site of the planned transaction to arrest the participants. Kennedy drove to the site accompanied by Sanders in the front passenger seat, who was acting as his bodyguard, and J.W., a minor, in the backseat. Both Sanders and Kennedy were felons. According to the trial testimony, as the police stopped the vehicle, Sanders removed a shotgun from his pants and placed it on the floor beneath him. The police recovered the sawed-off shotgun with one round chambered, from that location. In subsequent conversations with the police, Sanders admitted that he had obtained the shotgun from his cousin and that they had jointly sawed off the barrel.

In order to prove that Sanders knowingly possessed a firearm, the government had to establish that Sanders "consciously possessed what he knew to be a firearm." *United States v. Jones*, 222 F.3d 349, 352 (7th Cir. 2000). The National Firearms Act, which prohibits the possession of an unregistered firearm, defines "firearm" as including a shotgun with an overall length of less than 26 inches or a barrel length of less than 18 inches. 26 U.S.C. §§ 5861(d), 5845. Therefore, the government had to prove that Sanders consciously possessed the shotgun and that he knew that the shotgun had an overall length of less than 26 inches or a barrel length of less than 18 inches. *Jones*, 222 F.3d at 352. Such knowledge can be inferred from evidence that the defendant handled the shotgun if the appearance of

the shotgun would have revealed those characteristics. *Id.* That evidence similarly can establish possession of a firearm for the felon-in-possession charge, which additionally requires proof that the defendant previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, and that the possession of the firearm was in or affecting interstate commerce. In this appeal, Sanders does not contest that he is a felon nor does he rebut the showing regarding interstate commerce.

Instead, Sanders maintains that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to establish that he knew the shotgun was less than 26 inches in length or that the barrel was less than 18 inches. We note initially that Sanders raised his motion for acquittal at the close of the government's case, but did not subsequently renew that motion. Sanders argues that the issue is nonetheless preserved because the defense rested at the close of the government's case, and therefore that the motion for acquittal was effectively made at the close of all evidence. Accordingly, Sanders argues that we should review the issue *de novo* and determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We need not consider whether the motion was sufficient to preserve the issue or whether the plain error standard should instead apply, because even under the standard advocated by Sanders, his claim cannot succeed. *See United States v. Sachsenmaier*, 491 F.3d 680, 683 (7th Cir. 2007); *United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001).

Sanders focuses his sufficiency of the evidence argument on the overall length of the shotgun, arguing that the

overall length of the shotgun was 24 inches and therefore was only 2 inches under the overall length requirements of a legal shotgun. He argues that such a small discrepancy would not be noticeable, and therefore that knowledge of the inadequate shotgun length cannot be inferred. Sanders fails to recognize, however, that the *barrel* length of the shotgun was significantly less than the legal length. The legal length of a shotgun barrel is 18 inches, and the sawed-off shotgun possessed by Sanders was only 11 and 7/16 inches long. That is more than one-third shorter than the legal length, and is a large enough difference that it would be obvious to someone who handled it that the barrel was not 18 inches long. That is the only knowledge required for a jury to find a violation of the statute.

The jury was presented with evidence that Sanders handled the gun, including Sanders' own acknowledgment and the testimony that he had the shotgun in his possession in the vehicle and placed it on the floor at the time of the arrest. That would be enough for a jury to infer the requisite knowledge, but we have much more here. Sanders also admitted that he and his cousin sawed off the shotgun. That is compelling evidence that Sanders had knowledge that the shotgun was shorter than the legal limit, as Sanders himself modified the gun to achieve that result. The district court properly denied the motion for judgment of acquittal.

Sanders next asserts that the district court erred in its response to a question from the jury during deliberation. Regarding the charge of possession of an unregistered firearm, the jury was instructed that the government had to prove "that the defendant knew that the firearm possessed the characteristic of an overall length of less than 26 inches or a barrel less than 18 inches in length." The jury

sent the district court the following question on its second day of deliberation:

> Number one, Judge's instruction to us. The defendant is charged in Count 1 of the indictment with the offense of possession of a shotgun having a barrel length of 11 and a quarter inches and overall length of 24 and a half inches. Number 2, Count I states, second, the defendant knew that the firearm possessed the characteristics of an overall length of less than 26 inches or a barrel length less than 18 inches in length. We have several interpretations of the second statement, and need a clarification. Question[:] Does the defendant need to know the characteristics of a sawed off shotgun, or does the defendant need to know the exact measurements of a sawed off shotgun?

That question illustrated confusion in that it focused on the wording in the indictment, which charged him with possession of a shotgun with those exact measurements but which was not to be considered as evidence, and the jury instruction which required only knowledge that the shotgun or barrel was shorter than the legal length. The district court ultimately chose to respond with a statement that merely reiterated that the indictment is not evidence, and that any evidence that the jury should consider in the case should come from the witnesses, stipulations, or exhibits, not the indictment. Sanders argues that the answer given by the district court "did not adequately clarify that it was the government's burden to prove Mr. Sanders knew the length of the shotgun." That is in fact an incorrect statement of the law. There is no requirement that a defendant know the length of the shotgun; rather, the government need only prove that the defendant knew the shotgun was less than the legal overall

limit or less than the legal limit for the barrel. *See Jones*, 222 F.3d at 352; *United States v. Edwards*, 90 F.3d 199, 202-04 (7th Cir. 1996). The court's response to the jury question was to reiterate its earlier admonition that the jury not consider the indictment as evidence in its deliberations. Sanders presents no argument that the response was an incorrect statement of the law or otherwise misleading, and therefore cannot succeed on this claim.

More fundamentally, Sanders has waived this argument, because rather than opposing that particular response, Sanders agreed to it and in fact at times argued for it. Unlike forfeiture, in which a defendant fails to make a timely assertion of a right, which can be reviewed for plain error, a waiver involves the intentional relinquishment of a known right and is unreviewable. *United States v. Hamilton*, 499 F.3d 734, 735 (7th Cir. 2007). Upon receiving the question from the jury, the court expressed its concern that the jury appeared to be improperly considering the indictment as evidence, and proposed that it inform the jury that the indictment is not evidence. The court was also concerned as to the vagueness of the "possess the characteristic" language in the instruction, and sought to inform the jury that it was to determine whether the defendant knew the shotgun had an overall length less than 26 inches or a barrel length less than 18 inches. Counsel for Sanders declared "I would have no objection to the jury being reminded that the indictment is not evidence," and stated that Sanders would prefer that to any revision of the instruction already given to the jury. Subsequently, counsel for Sanders expressed doubt that the jury was viewing the indictment as evidence, but stated that "[i]f they are, a reminder to them that the indictment is not evidence should be sufficient to

address that concern." After a final discussion as to whether the jury could be considering the indictment as evidence, defense counsel stated: "If they are by some means viewing the indictment as evidence, which the reference to sawed off would seem to undercut, then repeating that instruction rather than giving a revised instruction is what we're asking for." The court then decided to simply repeat the admonition that the indictment is not evidence, and chose not to give any further instructions as to the government's burden or the determinations as to length that the jury had to make. Sanders cannot now argue that the court erred in giving an instruction that his defense counsel explicitly approved. *Id.* at 736. Although his counsel expressed some doubts as to whether the jury misunderstood the proper use of the indictment, his counsel agreed throughout the discussion that an instruction that the indictment was not evidence would be acceptable to him. Therefore, this challenge is waived. *Id.*

Finally, Sanders argues that the district court misunderstood its role at sentencing. Counsel for Sanders made an elaborate argument for imposing only the mandatory minimum sentence by comparing Sanders' possible sentence with the sentences given to the war criminals sentenced at Nuremberg. In addressing that argument, the district court noted that the judges at Nuremberg "weren't cabined in by the statutes passed by Congress or the advisory guidelines." Sanders seizes upon the use of the term "cabined in" as indicating that the Guidelines were given more than advisory status at the disposition. That is belied by the district court's subsequent, express statement indicating that it understood its role and that the word "cabined" was not the proper one: "Perhaps

I shouldn't use the word cabined in. I sentence under 18 U.S.C. 3553, but I look to the guidelines in their advisory capacity." That is a proper statement of the court's role. *United States v. Ross*, 501 F.3d 851, 853 (7th Cir. 2007).

Sanders fares no better in his final claim that the court failed to give an adequate statement of reasons under 18 U.S.C. § 3553(a) and imposed a sentence greater than necessary to meet the purposes of sentencing. The district court discussed at length a number of the § 3553(a) factors, and gave detailed reasons for its conclusion as to the appropriate sentence. There is no need for the court to discuss each § 3553(a) factor individually, as long as it is clear from the court's opinion that it considered the factors in determining the appropriate sentence. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). The court's determination that a sentence in the middle of the Guidelines range was appropriate is logical and consistent with the § 3553(a) factors. *See id.* at 481. Accordingly, the conviction and sentence are AFFIRMED.