

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>KEVIN SAWYER,<br><br>Defendant - Appellant. | No. 13-30125<br><br>D.C. No. 6:10-cr-60122-AA-2<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>TAMARA SAWYER,<br><br>Defendant - Appellant. | No. 13-30127<br><br>D.C. No. 6:10-cr-60122-AA-1 |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted August 25, 2014
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: NOONAN, HAWKINS, and CHRISTEN, Circuit Judges.

Defendants, a husband and wife, were charged in a twenty-one count indictment with conspiracy, wire fraud, bank fraud, making false statements to a financial institution, and money laundering. The charges stem from alleged real estate investment fraud and mortgage fraud schemes.[1] After the district court granted the government's motion in limine to exclude evidence of defendants' intent or ability to repay the investors in the schemes, defendants entered conditional guilty pleas reserving their right to challenge that ruling. They contend the excluded evidence is relevant to establishing their specific intent to defraud, which is an element of several of the charges against them. We have jurisdiction under 28 U.S.C. § 1291 and affirm the district court's order.

**1.** We review a district court's evidentiary rulings for abuse of discretion. *United States v. Waters*, 627 F.3d 345, 351–52 (9th Cir. 2010). We conclude the district court did not abuse its discretion by excluding evidence of defendants' intent or ability to repay as irrelevant under Federal Rule of Evidence 401. The ability to repay is irrelevant because to prove fraud, the government only needed to show that the Sawyers intended to deceive investors about where and

---

[1] The parties are familiar with the facts of the case, so we will not recount them here.

how they intended to use the money. The Ninth Circuit, as well as every other circuit court to address the issue, has determined that a defendant's intent to repay his or her victims is not a defense to criminal fraud charges. *See United States v. Treadwell*, 593 F.3d 990, 997 (9th Cir. 2010) ("The intent to induce one's victim to give up his or her property on the basis of an intentional misrepresentation causes 'harm' by depriving the victim of the opportunity to weigh the true benefits and risks of the transaction, regardless of whether or not the victim will suffer the permanent loss of money or property.");[2] *United States v. Oren*, 893 F.2d 1057, 1062 (9th Cir. 1990) ("[O]ne defrauds another when he causes him to be 'deprive[d] . . . of property by means of false . . . representations.'") (quoting *Carpenter v. United States*, 484 U.S. 19, 27 (1987) (alteration in original)); *United States v. Benny*, 786 F.2d 1410, 1417 (9th Cir. 1986) ("While an honest, good-faith belief in the truth of the misrepresentations may negate intent to defraud, a good-faith belief that the victim will be repaid and will sustain no loss is no defense at all."). Whether they could pay investors back is irrelevant because it

---

[2] *See also United States v. Hamilton*, 499 F.3d 734, 736–37 (7th Cir. 2007); *United States v. Curry*, 461 F.3d 452, 458 (4th Cir. 2006); *United States v. Daniel*, 329 F.3d 480, 488 (6th Cir. 2003); *United States v. Karro*, 257 F.3d 112, 118 (2d Cir. 2001); *United States v. Scott*, 701 F.2d 1340, 1347–48 (11th Cir. 1983); *United States v. Southers*, 583 F.2d 1302, 1307–08 (5th Cir. 1978).

does not make a fact of consequence (intent to deceive) more or less probable than it would be without the evidence. Fed. R. Evid. 401.

Citing *United States v. Thomas*, 32 F.3d 418 (9th Cir. 1994), defendants argue they should have been permitted to present to the jury the strongest circumstantial evidence regarding the presence or absence of specific intent to defraud—and that their ability to repay constituted such evidence. But *Thomas* is distinguishable. *Thomas* involved mail fraud, a charge not at issue here, and the mail fraud statute has changed since the time of the *Thomas* defendant's actions. *Id.* at 419. At that time, deprivation of honest services and fair dealing did not constitute a mail fraud offense; rather, in order to commit mail fraud, a defendant must have intended to deprive his or her victims of money or property. *Id.* That is not the case here. *Treadwell*, 593 F.3d at 998 ("To our knowledge, our precedents establishing that § 1343 [wire fraud] does not require an intent to cause pecuniary loss are consistent with the views of all other circuits that have addressed the issue.").

**2.** Even if evidence of the Sawyers' ability to repay were relevant, it was excludable under Federal Rule of Evidence 403 because the probative value of the proffered evidence was substantially outweighed by the danger that the jury would

4

be confused or misled.  In the district court's words, admitting the evidence would have likely "confuse[d] the jury" and "give[n] them a chance to commit error."

**3.**　　We also conclude the district court's evidentiary ruling did not violate the Sawyers' due process rights.  The district court acknowledged the possibility that defendants could offer the excluded testimony on alternate grounds, and that they had the right to present a defense; it only ruled that the defense "needs to be a relevant defense."  Defendants were not denied the opportunity to present a defense.

　　**AFFIRMED.**