UNITED STATES of America,
Plaintiff–Appellee,

v.

Edith Nidia RIVERA–LOPEZ,
Defendant–Appellant.

No. 90–5059
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 11, 1991.

Barry E. Witlin, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Donnal S. Mixon, Linda C. Hertz and Kathleen M. Salyer, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

The appellant challenges the sentences she received in this cocaine-trafficking case because the district court, in fashioning her sentences, took into account the cocaine involved in an offense of which she had been acquitted. We affirm.

The indictment charged appellant in count one with a conspiracy involving more than 500 grams of cocaine, and in counts two and three, respectively, with possession of two kilograms and three kilograms of cocaine with intent to distribute. The jury convicted her on counts one and two and acquitted her on count three. At sentencing, the district court grouped counts one and two pursuant to Sentencing Guidelines § 3D1.2(b)(1) (Nov. 1, 1990), and, in calculating the base offense level, considered the three kilograms of cocaine involved in count three. Appellant contends that linking her to this cocaine for sentencing purposes was "contrary to the foundation upon which the entire justice system is based; that the jury's verdict [on count three] must be honored"; and that she was denied due process. We disagree.

This court has held that "an acquittal does not bar a sentencing court from considering the acquitted conduct in imposing sentence." *United States v. Funt*, 896 F.2d 1288, 1300 (11th Cir.1990) (pre-guidelines case). Although, in this case, the Government did not prove all of the elements of the count-three offense beyond a reasonable doubt, the district court was not precluded from considering the facts underlying the offense at sentencing if those facts were established by reliable evi-

dence.* *United States v. Juarez–Ortega,* 866 F.2d 747, 749 (5th Cir.1989) (per curiam); *see also United States v. Mocciola,* 891 F.2d 13, 16–17 (1st Cir.1989) (that defendant was acquitted at trial of firearm count did not preclude consideration of possession of firearm to enhance cocaine offense).

In a drug-trafficking case, the guidelines clearly mandate that the defendant's sentence be based on the total quantity of drugs involved in the transaction if they "were part of the same course of conduct or common scheme or plan as the offense of conviction." Sentencing Guidelines § 1B1.3(a)(2) (Nov. 1, 1990); *see also id.* § 2D1.4 application note 1 (Nov. 1987) ("If the defendant is convicted of a conspiracy that includes transactions in controlled substances in addition to those that are the subject of substantive counts of conviction, each conspiracy transaction shall be included with those of the substantive counts of conviction to determine scale."); *id.* § 1B1.3 application note 1 (Nov. 1987) ("In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant 'would be otherwise accountable' also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.").

The appellant concedes her involvement with the three kilograms of cocaine in count three of the indictment. Indeed, there is no doubt that appellant was connected with all of the cocaine used to calculate her base-offense level: she had two kilograms of cocaine in her purse at the time of her arrest (count two), she led police to her sister and brother-in-law's house where the additional three kilograms were found (count three); her brother-in-law stated that he was storing the cocaine for appellant and that he had acted as counter-surveillance for her while she transacted a cocaine deal; and both lots of cocaine were of approximately the same

purity. In sum, notwithstanding the jury's not-guilty verdict on count three, the district court correctly considered the entire amount of cocaine in fashioning appellant's sentences.

AFFIRMED.

---

* In this circuit, the relevant facts at sentencing need only be established by a preponderance of the evidence. *United States v. Ignancio Munio,* 909 F.2d 436, 439 (11th Cir.1990) (per curiam).