[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 19, 2009
THOMAS K. KAHN
CLERK

No. 08-15028
Non-Argument Calendar

_____

D. C. Docket No. 07-20566-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 19, 2009)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

A Southern District of Florida jury convicted appellant, on Count 1, of

conspiring with Yves Jerome and others to import cocaine into the United States between December 2003 and November 24, 2004, and, on Count 2, of conspiring with Vladimir Souffrant, Yves Jerome and others during the same time frame to possess with intent to distribute cocaine. After the district court sentenced appellant to concurrent prison terms of 180 months, he took this appeal, challenging both his convictions and sentences. We first consider the challenges to his convictions, then his sentences.

I.

The Government's case rested principally on the testimony of two of appellant's co-conspirators, Yves Jerome and his cousin, Jean Paul, Paul's mother (Jerome's aunt), and two DEA agents. What the jury heard was that Jerome and Paul imported cocaine from the Bahamas to Florida in small aircrafts and that appellant flew the planes. Appellant, testifying in his own defense, admitted that he flew the aircraft. He claimed that he was innocent, however, because he cooperated with Jerome and Paul out of fear for his life and that of his family. The first time he met Jerome and Paul, Jerome put a gun to his head and told him that he had no choice but to cooperate with them and pilot the aircraft. Jerome told him that if he double crossed them, they would harm the members of his family. These threats continued throughout his relationship with the two men.

2

Appellant contends that (1) the evidence was insufficient to convict, and (2) the court abused its discretion in refusing to instruct the jury on his defense—that he acted under duress.  We consider these contentions in turn.

A.

To establish each of the conspiracies at issue, the Government had to prove beyond a reasonable doubt that: (1) "there existed an agreement between two or more persons" to commit the underlying crime; and (2) "the defendant knowingly and voluntarily participated in that agreement." United States v. Arbane, 446 F.3d 1223, 1228 (11th Cir. 2006).  "Whether the [defendant] knowingly volunteered to join the conspiracy may be proven by direct or circumstantial evidence, including inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme."  United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005) (quotation omitted).

The Government established the Count 1 conspiracy because the evidence showed that appellant knowingly and voluntarily agreed with Jerome and Paul to import cocaine into the United States (from the Bahamas).  The Government established the Count 2 conspiracy because the evidence showed that appellant knowingly and voluntarily agreed with Jerome and Paul to possess with intent to distribute cocaine.   And, as noted, appellant admitted traveling to and from the

Bahamas for the purpose of achieving the objectives of these conspiracies. In convicting him, the jury obviously rejected his testimony that he would not have engaged in the criminal enterprise had he, and indirectly his family, not been threatened.[1]

B.

Appellant contends that the district court improperly denied his proposed jury instruction on duress and coercion. He claims that his testimony showed that he (1) acted under an immediate threat or death or serious bodily harm to himself and his family; (2) had a well-grounded fear that the threat would be carried out; and (3) had no reasonable opportunity to escape or inform authorities. He points out that, as he testified throughout, he was paralyzed by fear and did not believe that he could go to the authorities.

We review a district court's refusal to give a requested jury instruction for abuse of discretion. United States v. Martinelli, 454 F.3d 1300, 1309 (11th Cir. 2006). We review de novo the issue of whether the defendant produced sufficient evidence to warrant a requested instruction. United States v. Calderon, 127 F.3d 1314, 1329 (11th Cir. 1997).

---

[1] In addition to contending that the evidence was insufficient to convict, appellant contends that the district court should have granted him a new trial in the interest of justice. We reject this contention as frivolous.

A district court's refusal to give a requested instruction is reversible error if (1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself.

Martinelli, 454 F.3d at 1309. A requested "theory of the defense" instruction is not substantially correct unless it has both legal support and some basis in the evidence. United States v. Hedges, 912 F.2d 1397, 1405 (11th Cir.1990).

In order to establish a coercion or duress defense, "a defendant must show that he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or inform the police." Moreover, "[t]he requirement of immediacy of the threat is a rigorous one in which fear of future bodily harm to one's self or to others will not suffice." United States v. Wattleton, 296 F.3d 1184, 1196 n.20 (11th Cir. 2002) (emphasis and internal quotations omitted).

The district court did not abuse its discretion in denying appellant's request for a duress jury instruction because the defense was not supported by the evidence. It is clear from the evidence, that appellant had ample opportunity to withdraw from the charged conspiracies and to report Jerome and Paul's activities

to law enforcement.

## II.

Appellant contends that his sentences are unreasonable—that while it appears that they are reasonable because they are below the advisory guideline sentence range, the district court based his sentences on two legally-suspect determinations. First, the court did not properly consider the sentencing factors of 18 U.S.C. § 3553, namely the need to avoid unwarranted sentence disparities, because he received harsher sentences than co-conspirators with similar criminal records who were found guilty of similar conduct. Second, he should have received a minor role reduction of his base offense level and the court erred by concluding that his role was a major one by virtue of his skill as a pilot.

We review the final sentence imposed by the district court for reasonableness. United States v. Agbai, 497 F.3d 1226, 1229 (11th Cir. 2007). The Supreme Court has clarified that the reasonableness standard means review of sentences for abuse of discretion. Gall v. United States, 552 U.S. 38, __,128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A district court must impose a sentence that is both procedurally and substantively reasonable. Id. The Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines imprisonment range, treats the Guidelines as mandatory,

fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Id.

Section 3B1.2 of the Guidelines provides for a reduction in a defendant's offense level if he played a minor or minimal role in the offense. U.S.S.G. § 3B1.2. In determining whether a minor role reduction is warranted, the district court should (1) measure the defendant's role against the conduct for which he was held accountable at sentencing; and, (2) where the record evidence is sufficient, measure the defendant's conduct against that of other participants in the attributed criminal scheme. United States v. DeVaron, 175 F.3d 930, 934 (11th Cir. 1999). Furthermore, "an acquittal does not bar a sentencing court from considering the acquitted conduct in imposing sentence." United States v. Rivera-Lopez, 928 F.2d 372, 372 (11th Cir. 1991) (quotation omitted). The "relevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." United States v. Faust, 456 F.3d 1342, 1347 (11th Cir. 2006) (alteration and quotations omitted).

Once we conclude that the district court made no procedural errors, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. Gall, 552 U.S. at ___, 128 S.Ct. at 597. The Supreme

Court has suggested that such review entails determining whether the sentence is supported by the § 3553(a) factors. Id. at ___, 128 S.Ct. at 600. Where the district court imposes a sentence with in Guidelines sentence range, it need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." U.S.S.G. § 5G1.1(a); Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Reasonableness review is "deferential," there is a "range of reasonable sentences from which the district court may choose," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Finally, "disparity between sentences imposed on codefendants is generally not an appropriate basis for relief on appeal" because "to adjust the sentence of a co-defendant in order to cure an apparently unjustified disparity between defendants in an individual case will simply create another, wholly unwarranted disparity between the defendant receiving the adjustment and all similar offenders in other cases." United States v. Regueiro, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

The § 3553(a) factors include: (1) the nature and circumstances of the

offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  See 18 U.S.C. § 3553(a).

Appellant's sentences are reasonable because the district court (1) correctly calculated the sentence range, i.e., the evidence supported the court's finding that he was not entitled to a minor role reduction; and (2) specifically considered and relied on the need to avoid unwarranted sentencing disparities.

AFFIRMED.